[L. A. No. 1469. Department Two.—November 25, 1905.]

M. E. C. DE LEONIS, Appellant, v. F. E. WALSH, Administrator of Laurent Etchepare, Deceased, Respondent.

RECEIVER—APPOINTMENT.—A party to an action should not, against his will, be subjected to the onerous expense of a receiver, except where one may be lawfully appointed and his appointment is obviously necessary to the protection of the opposite party.

ID.—DEATH OF RECEIVER.—After judgment rendered in favor of the plaintiff, the mere fact that a receiver appointed before the judgment at the request of the plaintiff has died will not warrant the appointment of another receiver at the request of the defendant.

APPEAL from an order of the Superior Court of Los Angeles County appointing a receiver. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Dunnigan & Dunnigan, for Appellant.

No appearance for Respondent.

McFARLAND, J.—This is an appeal by plaintiff from an order appointing a receiver. Appellant has an elaborate brief on file, and there is no brief or written argument of any kind on the part of respondent, nor did respondent make any oral argument. Under these circumstances we cannot be expected to examine appellant's contentions very thoroughly; our attention not being directed by respondent to any of the reasons why those contentions are not maintainable. We are not called upon to do the work of counsel.

This action was brought in November, 1895, by appellant against one Laurent Etchepare, whom she alleged to have been her confidential agent, to recover certain moneys alleged to be due her from him, and to compel him to convey to her certain lands which, she alleges, he fraudulently procured her to convey to him. (Etchepare is now dead, and the respondent, Walsh, is his administrator.) She averred that he was wrongfully receiving the rents and profits of said lands, and she asked that a receiver be appointed. The complaint showed a proper case for a receiver, and on June 8, 1896, the court appointed one Hewitt receiver, and, he having subsequently resigned, one Wilkerson was appointed. The case was afterwards tried, and on June 3, 1901, judgment was entered decreeing that the lands in question be reconveyed to appellant upon the payment by her to defendant of the sum of $2,444.09, and that she have her costs of suit, etc. Shortly thereafter the receiver, Wilkerson, died, and on December 31, 1902, defendant's attorneys gave notice that defendant would, on January 2, 1903, move the court for the appointment of a receiver, on the ground that the former receiver, Wilkerson, was dead, and on January 6, 1903, the court, against the opposition of appellant, granted said motion and appointed D. C. McGarvin as such receiver.

Of course, a party to an action should not against his will be subjected to the onerous expense of a receiver, unless where one may be lawfully appointed and his appointment is obviously necessary to the protection of the opposite party. Looking at the record in this case—and we can look at that alone—we can see no just ground or valid reason for the appointment of a receiver in 1903 at the request of the defendant. Apparently the only ground for the appointment was the death of the former receiver, appointed on appellant's motion before judgment; but that ground is not tenable. If appellant does not now desire a receiver, another one cannot properly be appointed at the request of respondent, without some showing of right to such appointment other than the mere fact of the death of the former receiver.

The order appealed from is reversed.

Henshaw, J., and Lorigan, J., concurred.