[Civ. No. 2713. First Appellate District, Division Two.—March 25, 1919.]

GLENNIE DAVIES, Respondent, v. LUCIE C. RAMSDELL et al., Appellants.

[1] RECEIVERS — EQUITY — DISCRETION—PRESUMPTION.—Equity has inherent power in aid of its jurisdiction to grant injunctions and to appoint receivers, and the exercise of such power rests very largely in the discretion of the chancellor. Every presumption is in favor of the regularity of the order.

[2] ID.—CONFLICTING AFFIDAVITS — WHICH PREVAIL.—If there is any conflict in the affidavits presented to the court, those in favor of the prevailing party must be taken as establishing the facts stated therein, and also all facts which may reasonably be inferred or presumed from the direct and positive statements.

[3] ID.—ACTION TO REMOVE CLOUD FROM TITLE—ERRONEOUS APPOINTMENT OF RECEIVER—APPEAL.—In an action in equity to remove a cloud on title, an order appointing a receiver *pendente lite*, though erroneous, will not be reversed on appeal where the appellant had no right to the possession of the property nor to collect its rents.

APPEAL from an order of the Superior Court of Alameda County appointing a receiver *pendente lite*. William H. Waste, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. D. Dethlefsen and Peck, Bunker & Cole for Appellants.

Ralph R. Eltse and George Clark for Respondent.

LANGDON, P. J.—[1] This is an appeal from an order appointing a receiver *pendente lite,* in a suit in equity, more resembling the old suit to remove a cloud on title than the code suit merely to quiet title. The appellant contends the order should not have been made, as such appointments are not usually made in suits to quiet title. In this case there were equitable considerations before the court in addition to those of the ordinary suit to quiet title. Equity has inherent power in aid of its jurisdiction to grant injunctions and to appoint receivers, and the exercise of the power rests very largely in the discretion of the chancellor.

Every presumption is in favor of the regularity of the order. Mere denial of the facts in the plaintiff's verified complaint and affidavits simply presents an issue of fact, which the court below determined adversely to the appellant. [2] If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as establishing the facts stated therein, and also all facts which may reasonably be inferred or presumed from the direct and positive statements. (*Doak* v. *Bruson*, 152 Cal. 19, [91 Pac. 1001].)

[3] After the order appointing the receiver was made, judgment was rendered for the plaintiff, from which judgment the defendant below, the appellant here, appealed. The judgment has been affirmed. (*Davies* v. *Ramsdell*, *ante*, p. 424, [181 Pac. 94].) The decision on the appeal from the judgment, so far as it is based upon the same facts as those presented on this appeal, furnishes the law of the case. On the application for the appointment of the receiver both parties relied upon substantially the same facts as those set forth in the pleadings on which judgment was entered. (*Eversdon* v. *Mayhew*, 85 Cal. 1, [21 Pac. 431, 24 Pac. 382].) The judgment established the right of the plaintiff to the possession of the property and to be freed from all claims of the defendant as of the date of the filing of the complaint. At the date of the order appointing the receiver, the defendant had no right to the possession of the property nor to collect its rents. How, then, was she injured by the appointment of a receiver? Even though the appointment was erroneous, in determining this appeal the rule that the appellant must show injury as well as error would require the order to be affirmed for the reason that the reversal would not benefit the appellant. (*Horton* v. *City of Los Angeles*, 119 Cal. 602, [51 Pac. 956]; *Foster* v. *Smith*, 115 Cal. 611, [47 Pac. 591].) The order was a remedial process and was followed by judgment in favor of the prevailing party. In such a case the court will not revise the propriety of the order. (*Hicks* v. *Davis*, 4 Cal. 67; *Imperial Land Co.* v. *Imperial Irr. Dist.*, 173 Cal. 674, [161 Pac. 119]; *Adams* v. *Prather*, 176 Cal. 164, [167 Pac. 867]; *Estate of McSwain*, 176 Cal. 288, [168 Pac. 117].)

The order appealed from is affirmed.

Haven, J., and Brittain, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 23, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 22, 1919, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing 'in this court after decision by the district court of appeal of the first appellate district, division two, is denied on the ground last stated in the opinion of the district court of appeal, which is substantially that the judgment in favor of the plaintiff, on whose application the receiver was appointed, having been affirmed and having become final, it does not appear how the appellant could possibly have been prejudiced by the making of the order. We express no opinion upon the first question discussed in the opinion, viz.; the propriety of the appointment of a receiver in such a case as this.

All the Justices concurred.