[Civ. No. 3140. First Appellate District, Division Two.—December 13, 1919.]

GEORGE W. FOX, Respondent, v. COLEMAN R. FLOOD, Appellant; MARIE C. HEATH et al., Defendants.

[1] RECEIVERS—FORECLOSURE OF MORTGAGE.—Under the provisions of subdivision 2 of section 564 of the Code of Civil Procedure, a receiver may be appointed in an action for the foreclosure of a mortgage where it appears that the condition of the mortgage has not been performed and that the property is probably insufficient to discharge the mortgage debt.

[2] ID.—POWER TO APPOINT—DISCRETION OF TRIAL COURT—APPEAL.— The power to appoint a receiver is very largely within the discretion of the trial court, and an appellate court will not interfere with the exercise of such discretion except in cases of palpable abuse.

[3] ID.—CONFLICTING AFFIDAVITS—REVIEW OF ORDER.—In reviewing an appeal from an order made upon affidavits, in which the determination of a question of fact is involved, the court is governed by the same rules applicable to oral testimony; and if the affidavits are conflicting, the facts stated in the affidavits favorable to the prevailing party must be considered as established.

[4] ID.—INSUFFICIENCY OF PROPERTY TO DISCHARGE DEBT—CONFLICT OF EVIDENCE—APPEAL.—Where the entire evidence upon the motion for the appointment of a receiver is presented by affidavits which are conflicting upon the issue of the insufficiency of the property to discharge the debt, the appellate court cannot substitute its judgment and discretion for that of the trial court and cannot say there has been an abuse of discretion on the part of the trial court, where there is evidence which, if believed, will support the order appointing the receiver.

APPEAL from an order of the Superior Court of Los Angeles County appointing a receiver in an action to foreclose a mortgage. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Earl Curtis Peck for Appellant.

John B. Haas for Respondent.

NOURSE, J.—This is an appeal from an order appointing a receiver in an action for the foreclosure of a second mortgage. Coleman R. Flood, the owner of the property at the time of the institution of the action, is the sole appellant. The order was made upon the complaint as amended and affidavits introduced at the hearing.

The second mortgage was given to secure the payment of fifteen thousand dollars, and covers three lots in Venice, California, improved by a hotel building, together with the rents, issues, and profits thereof. The first mortgage is in the sum of twenty thousand dollars. The complaint, as amended, alleges the failure of the defendant mortgagors to perform the conditions of the mortgage, in that they have failed to pay interest due on the first mortgage amounting to $909.78, interest due on the second mortgage amounting to $262.50, five thousand dollars due on the principal under the terms of the mortgage, and delinquent taxes amounting to $233.62, together with a penalty thereon in the sum of $33.46. It also alleges the insolvency of the persons personally liable for the payment of the mortgage debt; and that the mortgaged property is insufficient to discharge the debt secured thereby, its cash value being only thirty thousand dollars.

[1] Under the provisions of subdivision 2, section 564, of the Code of Civil Procedure, a receiver may be appointed in an action for the foreclosure of a mortgage where it appears that the condition of the mortgage has not been performed and that the property is probably insufficient to discharge the mortgage debt. Appellant apparently concedes the nonperformance of the conditions of the mortgage and the insolvency of those personally liable thereunder. His answer denies the above allegations on information and belief.

The only point urged on appeal is that the court abused its discretion in determining the value of the property to be insufficient to discharge the mortgage debt.

[2]    The power to appoint a receiver is very largely within the discretion of the trial court, and an appellate court will not interfere with the exercise of such discretion except in cases of palpable abuse. (*Whitley* v. *Bradley,* 13 Cal. App. 720, 724, 725, [110 Pac. 596].)    [3]    In reviewing an appeal from an order made upon affidavits, in which the determination of a question of fact is involved, the court is governed by the same rules applicable to oral testimony. If the affidavits are conflicting, the facts stated in the affidavits favorable to the prevailing party must be considered as established. (*Doak* v. *Bruson,* 152 Cal. 17, 19, [91 Pac. 1001]; *Davies* v. *Ramsdell,* 40 Cal. App. 432, [183 Pac. 702]; *Boland* v. *All Persons, etc.,* 160 Cal. 486, 489, [117 Pac. 547].)    High on Receivers, fourth edition, section 667, states the following rule regarding the appointment of receivers: ''But when the income, rents and profits of the premises are pledged by the mortage, less stringency of proof is required to warrant the court in granting a receiver.    And where the debt is past due and the taxes and insurance are unpaid and the mortgagor refuses to surrender the property, the court will not strictly scrutinize, for the mortgagor's benefit, conflicting affidavits upon the question of the value of the property.    And when the court has appointed a receiver in a foreclosure suit because of the inadequacy of the security, an appellate court will be reluctant to disturb the finding of the court below as to the fact of such inadequacy.''    In *Pouder* v. *Tate,* 96 Ind. 330, an action to foreclose a mortgage, plaintiff petitioned the court for the appointment of a receiver on the ground that the value of the mortgaged property was insufficient to discharge the mortgage debt.    The statements as to the value of the property were conflicting in the respective affidavits sustaining and opposing the appointment.    The appellate court  affirmed the appointment, saying: ''Upon a question of fact thus presented, we cannot disturb the conclusion reached by the trial court.''

[4]    In the present case the entire evidence upon the motion for the appointment of the receiver was presented by

affidavits which were conflicting upon the issue of the insufficiency of the property to discharge the debt. This being so, this court cannot substitute its judgment and discretion for that of the trial court and cannot say there has been an abuse of discretion on the part of the trial court where there is evidence which, if believed, will support the order.

The order is affirmed.

Langdon, P. J., and Brittain, J., concurred.