[Civ. No. 13572. Second Dist., Div. Two. Dec. 17, 1942.]

PHIL BREEDLOVE, Respondent, v. J. W. & E. M. BREED-
LOVE EXCAVATING COMPANY (a Copartnership)
et al., Appellants.

E. Neal Ames for Appellants.

Louis P. Pink for Respondent.

GOULD, J. pro tem.—Defendants appeal from two pendente lite orders. One, granted March 24, 1941, restrained and enjoined them pending the trial from disposing of any money or property received in connection with certain operations of the business of defendant copartnership, excepting only the payment of the ordinary expenses thereof, and required that the moneys coming into the possession of defendants from the conduct of their business be placed in a named depositary. The other order, made May 22, 1941, appointed a receiver to take charge of certain books and moneys of defendants and otherwise to conduct certain of its partnership functions. A bond of $20,000 as fixed by the lower court stayed the operation of this latter order pending appeal therefrom.

The litigation as initiated by plaintiff Phil Breedlove against his brother J. W. Breedlove and the latter's wife E. M. Breedlove, both as a copartnership and individually, seeks an accounting of the transactions and dealings of plaintiff with defendants since February 26, 1938, in connection with various contracting and excavating jobs involving large sums of money. By his verified complaint plaintiff alleged that by agreement with his defendant brother he was to have an equal interest in the profits of these ventures, and affidavits from other persons were submitted to the effect that defendants had acknowledged the existence of such partnership relation.

On the other hand, defendants vigorously disputed all such claims as made by plaintiff and asserted that plaintiff, instead of sustaining the relation of partner, was simply an employee hired at a stipulated salary. These claims were set forth by numerous affidavits, and writings were submitted by both sides in support of their opposing contentions.

In this situation the trial court, after hearings duly had and after consideration of the pleadings and affidavits, granted the motions for appointment of a receiver and for the temporary injunction, from which orders the defendants prosecute this appeal. Inasmuch, however, as trial of the cause itself was in progress from October 22, 1941, to January 29, 1942, the within appeal was held in abeyance, in view of the fact that a judgment after trial would automatically

terminate the pendente lite orders. But due to the death of the trial judge before decision was rendered the lengthy hearing ended in a mistrial, and defendants thereupon urged decision on this appeal.

It is true that the power conferred upon a court to appoint a receiver is a delicate one, and must be exercised with caution lest injury be done to the parties and their properties (*Dabney Oil Co.* v. *Providence Oil Co.*, 22 Cal.App. 233 [133 P. 1155]), and the remedy is to be regarded as an extraordinary or harsh one, to be resorted to only in cases where other less onerous remedies are not available (*DeLeonis* v. *Walsh*, 148 Cal. 254 [82 P. 1047]); yet the question is one which is commonly addressed to the sound discretion of the court, exercised upon all the facts (*California Delta Farms* v. *Chinese American Farms*, 204 Cal. 524 [269 P. 443]), and where a finding, based upon conflicting evidence, is to the effect that danger is threatened to property or funds, and the appointment of a receiver is made, it is seldom that the reviewing court will hold that the lower tribunal has been guilty of an abuse of the discretion confided to it. (*Whitley* v. *Bradley,* 13 Cal.App. 720 [110 P. 596].) Indeed, so broad is the discretion of the chancellor to whom the petition is first addressed (*Davies* v. *Ramsdell,* 40 Cal.App. 432 [183 P. 702]) that such exercise will be interfered with by an appellate tribunal only in those cases where there has been an arbitrary exercise of the power. (*Fox* v. *Flood,* 44 Cal.App. 786 [187 P. 68].)

Likewise the granting of a temporary injunction is a matter largely within the court's discretion; and while that power is to be exercised soundly and with caution, nevertheless the discretion of the trial court will be affirmed in the absence of a showing of abuse of such sound discretion. (*Sturgeon* v. *City of Hawthorne,* 106 Cal.App. 352 [289 P. 229]; *Paige* v. *Atkins,* 112 Cal. 401 [44 P. 666]; *Willis* v. *Lauridson,* 161 Cal. 106 [118 P. 530].)

These principles are elementary and we regard them as controlling here. Examining the pleadings and the affidavits as submitted by both plaintiff and defendants at the hearings which resulted in the orders now under consideration, it is at once apparent that the trial court was confronted by two exactly contrary contentions. If, as stressed by him, plaintiff was a partner and had been deprived of his right to share

in the profits of the enterprise, he was entitled to the assistance of the court in having the funds and earnings of the copartnership impounded and conserved, and in having his property protected from threatened loss and injury. On the other hand, assuming defendants' position to be correct, plaintiff had no right to interfere with the conduct of the business, to seek an accounting or to have a receiver administer and guard the funds and property. The contention of each side was fortified by persuasive and sufficient affidavits. Whichever position the court might take would be amply supported. Undertaking, as it did, to keep the property and funds intact pending the outcome of the trial, the court granted plaintiff's request for a temporary injunction and for a receiver. In both instances it acted within the scope of its constitutional discretion, and in neither case can it be said that it exceeded its powers or veered from the proprieties. In such view, we shall not interfere.

The orders appealed from are affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

A petition for a rehearing was denied January 11, 1943, and appellants' petition for a hearing by the Supreme Court was denied February 11, 1943.