[Civ. No. 13002. First Dist., Div. Two. July 9, 1946.]

WILLIAM JOHN ARMBRUST, Appellant, v. LOUISE MATHILDA ARMBRUST, Respondent.

Gus L. Baraty and Earl B. Myers for Appellant.

Donohue & Sumner for Respondent.

GOODELL, J.—Appellant by this appeal questions the validity of an order appointing a receiver pending the determination of a suit brought by him against his divorced wife to rescind a written agreement and to establish his interest in certain real and personal property, on the ground that there was no showing as required by Code of Civil Procedure, section 564, subdivision 1, that the property in dispute is in danger of being lost, removed, or materially injured.

The agreement in question was entered into by the parties hereto several months after their marriage in 1943. It provided in substance for the creation of a joint tenancy in three parcels of real property owned by the respondent as her separate property, including an apartment house in San Francisco, and certain shares of stock then owned by the appellant as his separate property.

The complaint alleges that shortly after their marriage the parties purchased the San Francisco apartment property as joint tenants, "contrary to plaintiff's desire and without his consent" as he had been "led by the defendant to believe that said property would be held in a manner which would show the respective contributions" toward the purchase price, i. e., $15,905.18 by appellant and $2,553.62 by respondent. After this purchase, it is alleged, at respondent's instance and as evidence of appellant's love and affection, he executed a deed placing title to the property in respondent's name; thereafter he entered into the agreement now in question, in the belief and upon the representation "that she was merely to hold the property in trust for the use and benefit of the plaintiff." Pursuant to the agreement the real property was placed in joint tenancy, but title to the shares of stock, which are alleged to be in the possession of the respondent, remains in appellant.

The appellant also alleged that the written agreement is void for lack of consideration and mutual assent; he charges the respondent with fraud and undue influence, and prays for a decree establishing that the written agreement and all deeds executed in furtherance thereof are null and void; that appellant has an interest in the apartment property proportionate to his contribution toward the purchase price thereof; that he is the owner of the shares of stock covered by the agreement and entitled to the possession thereof; that respondent shall execute a deed of her interest in the apartment property upon the repayment of her contribution toward the purchase price. The complaint recites that respondent commenced divorce proceedings in April, 1944, and that appellant's suit was brought because "the court has no jurisdiction to determine the separate property rights of the parties . . . in said divorce action."

Respondent in her answer admits the execution of the agreement, but denies that it was the result of misrepresentations, fraud, undue influence, threats or duress. She alleges that the stock certificates were delivered to her in performance of the

agreement, and that appellant at no time prior to the commencement of the suit gave notice of rescission or offered to restore any part of the consideration she had paid.

By verified cross-complaint the respondent prays for an accounting and the appointment of a receiver. She alleges that the parties owned as joint tenants the apartment property in dispute, two promissory notes secured by deeds of trust, certain shares of stock and bank balances; that she was physically ejected from the apartment premises in September, 1944, *and that thereafter appellant has received and retained the rental from the premises and the dividends from the securities; that appellant has failed to properly care for and manage the property, to the dissatisfaction of the tenants; that he is occupying one of the apartments without payment of rent;* that unless a receiver is appointed loss of rentals, deterioration and depreciation of the property, and dissipation of other assets is likely to result.

At the hearing on respondent's motion for the appointment of a receiver, the court did not permit her to testify, upon the objection made by the appellant that respondent's notice of motion did not indicate that the motion was to be presented on oral testimony. The court stated that it would consider the matter "solely on the verified cross-complaint and the records and files of the action." It found that "said property is in danger of being lost, removed, or materially injured to the irreparable injury of defendant and cross-complainant," and appointed a receiver pending the determination of the action.

Appellant seizes upon the fact that respondent's oral testimony was not received at the hearing and contends that respondent failed to produce any evidence to support her motion or which now supports the order appealed from; whereas appellant presented "positive evidence" that the real property was *not* in danger of being lost, removed or materially injured. This evidence was appellant's testimony that the real property and the shares of stock were not encumbered, that the rents and proceeds of the property were deposited in a separate bank account, and that the tenants were all quite satisfied.

Appellant's argument overlooks the fact that the "showing of the propriety for a receiver may be in the complaint." (22 Cal.Jur. 467.) Evidence to justify the appointment of a receiver may be presented "in the form of *allegations in a complaint or other pleading,* by affidavit or by tes-

timony." (Emphasis added. *Baldwin* v. *Baldwin,* 67 Cal. App.2d 175, 177 [153 P.2d 567].)

It is readily apparent from an examination of the record in the instant case that the pleadings were considered by the court "as an affidavit or evidence in support of . . . [the] application for a receiver" (*Goes* v. *Perry,* 18 Cal.2d 373, 378 [115 P.2d 441]), and as such, "it was the province of the trial court to pass upon its weight and to reconcile all conflicts therein." Appellant asserts that respondent "did not introduce her verified cross-complaint nor any records or files" in support of her motion. But they were properly before the court for the notice of motion states that it would be based upon the verified cross-complaint . . . and "upon the records and files of this action." The judge commented that "the thing that brings it more before the Court, to my belief, is the original complaint, rather than the cross-complaint," but that he would "listen to the matter solely on the verified cross-complaint and the records and files of the action."

The appointment of a receiver is a matter in the discretion of the trial court (22 Cal.Jur. 435). If it appears that the party seeking the appointment "has at least a *probable* right or interest in the property" and that "there is danger of its being lost or destroyed or misappropriated," then if "upon conflicting testimony, such right or interest and danger of the destruction or misappropriation of the property or fund are found to exist, a reviewing court is, as a general rule, in no position to say that a *nisi prius* court has abused its discretion in the appointment of a receiver." (*Whitley* v. *Bradley,* 13 Cal.App. 720, 725 [110 P. 596].) Here the verified pleadings showed the probable interest of the respondent and the danger of misappropriation of the property or its proceeds sufficiently for the judge to state his conclusion that "the appointment of a receiver . . . may be a step in the right direction for the preservation of the assets that are involved in the controversy, . . . as set forth in the complaint itself. . . . It certainly would keep in status quo the property and assets of the litigants."

The position of the appellant is simply that a close examination of the facts "obviously shows" that no benefit or advantage is to be gained by the appointment of a receiver. But it has been held that the discretion of the trial judge is so broad "that his order based upon facts concerning which

reasonable minds might differ with respect to the necessity for the receivership will not be reversed.'' The conclusion of the appellate court cannot be substituted for that of the trial court ''made upon sufficient evidence even if we should be of the opinion that there was no danger of the loss or removal of, or other irreparable injury to the assets of the joint venture. To justify our interference with the order confirming the appointment . . . it must be made clearly to appear that the order was an arbitrary exercise of power.'' (*Moore* v. *Oberg,* 61 Cal.App.2d 216, 221, 222 [142 P.2d 443].) In both *Lowe* v. *Copeland,* 125 Cal.App. 315 [13 P.2d 522], and *Whitley* v. *Bradley,* 13 Cal.App. 720, *supra,* cited by appellant, there is found a recognition that the appointment of a receiver rests in the sound judicial discretion of the trial court. (See, also, *Breedlove* v. *Breedlove Excavating Co.,* 56 Cal.App.2d 141 [132 P.2d 239]; *Baldwin* v. *Baldwin, supra; Misita* v. *Distillers Corp., Ltd.,* 54 Cal.App.2d 244, 250 [128 P.2d 888]; *Sunset Farms, Inc.* v. *Superior Court,* 9 Cal.App.2d 389 [50 P.2d 106].) The remaining cases cited by appellant may be readily distinguished on their facts: In *De Leonis* v. *Walsh,* 148 Cal. 254 [82 P. 1047], a receiver was appointed in an action to set aside a fraudulent conveyance where ''the complaint showed a proper case for a receiver.'' After judgment was entered in favor of the plaintiff, the receiver died, and a new receiver was appointed upon the application of the *defendant.* This appointment was set aside because ''no just ground or valid reason'' was presented ''for the appointment of a receiver [after judgment] at the request of the *defendant.''* (Emphasis added.) In *Bank of Woodland* v. *Stephens,* 144 Cal. 659 [79 P. 379], the court held the appointment of a receiver improper in an action to foreclose a mortgage as it was not established, as required by the code, that ''the property is probably insufficient to discharge the mortgage debt.'' (Code Civ. Proc., § 564, subd. 2.)

There was no abuse of discretion in the instant case.

The order appealed from is affirmed.

Nourse, P. J., and Dooling, J., concurred.