[Civ. No. 16137. Second Dist., Div. One. Apr. 1, 1948.]

HOUSTON A. SNIDOW et al., Respondents, v. HAYDEN HILL et al., Appellants.

Barry Sullivan for Appellants.

Houston A. Snidow, in pro. per., Allard, Brownsberger & Shelton and Leonard A. Shelton for Respondents.

BARTLETT, J. pro tem.—The defendants have appealed from an order made ex parte May 7, 1947 appointing R. E. Allen, Receiver, and an order made after a hearing on May 9, 1947 continuing the receivership. The complaint is one to

quiet title to 17 acres in Glendora, California on which is located a citrus grove and a private residence. Attached to the defendants' answer is a contract between Houston A. Snidow and the appellants which provides for a sale of the property to the appellants for $55,000 in installments, $3,000 to be paid on January 1 and on June 1 of each year with interest of 6 per cent per annum on the unpaid balance. The title is to remain in the seller until paid in full. The contract also provides that the seller have the right to all the proceeds received from the sale of fruit and that if the seller advances money in connection with the care, operation or maintenance of the property, the seller is to be reimbursed out of the first money received in connection with the transaction. There is a provision recognizing the fact that there is a trust deed on the property in favor of one Anson Lisk.

At the time the contract was entered into, Snidow and the appellant Hill were in a partnership known as the L. A. Trailer Service.

The contract also provides that money withdrawn from that partnership by either party may be credited against the amount due as their interest may appear.

The affidavit of Houston A. Snidow, upon which the motion for a receiver was based, recites that the defendants are in default in their payments provided for in the contract; that a sum in excess of $30,000 is still due; that the value of the property has so depreciated since the contract was entered into that it is insufficient to discharge the balance due and that the property is in danger of being materially injured by failure to properly care for the grove, failure to irrigate at proper times, failure to disc the same, and failure to fertilize, although accepted agricultural practice requires these matters to be done.

It is further deposed that unless these matters are immediately attended to at the period then existing when the trees are blooming and setting fruit, irreparable damage would be caused to the soil, trees and crop.

The testimony taken at the hearing was sharply conflicting but the facts set forth in his affidavit were again testified to by Snidow and he was corroborated as to the lack of care of the grove and the depreciation in its value by another witness. Testimony was also given indicating a lack of financial ability on the part of appellants to properly care for the grove. The Lisk trust deed referred to in the contract required the property to be correctly cared for and protected.

The order of May 7, 1947, which was continued in effect on May 9, 1947, reads as follows:

"It is hereby ordered that R. E. Allen, 220 N. Broadway, Los Angeles, California, be and he is hereby appointed receiver herein for the purpose of irrigating, fertilizing, spraying, fumigating, smudging, cultivating, controlling pest, harvesting fruit, delivering fruit to the packing house, and otherwise culturing and caring for the citrus property situated on the following described real property: . . . ."

The appellants claim that the order appointing a receiver should be reversed upon three grounds. We quote from their brief:

"1. The court has no power to appoint a Receiver pendente lite unless the evidence shows that the property is in danger of being materially injured.

"2. The court has no jurisdiction to appoint a Receiver in this case.

"3. The pleading and proof is insufficient to support the order appointing a Receiver."

■ The court had jurisdiction to make the orders attacked. So far as applicable here, section 564 of the Code of Civil Procedure authorizes the appointment of a receiver on the application of the plaintiff or of any party whose right or interest in the property or funds is probable and where it is shown that the property or fund is in danger of being lost, removed or materially injured, and also in all cases where receivers have heretofore been appointed by courts of equity.

■ It makes no difference that the complaint is in the form of an action to quiet title. If we scan the provisions of the contract between the parties and examine the averments in the affidavit upon which the motion was based, we find a situation in which the plaintiffs' interest in the fund is probable and the property or fund is in danger of being lost or materially injured. There is no doubt as to its being the type of action in which courts of equity have exercised their inherent power in aid of their jurisdiction to appoint receivers. The order in the instant case in its enumeration of the duties of the receiver is notable not for the powers it grants but for the extreme limitation based upon those powers. It does not confer the use and possession of the residence, that is left with the appellants. It does not grant the receiver either possession or control of the proceeds of the crop. Indeed, all it does is make a necessary order authorizing the receiver, for the protection of the grove, to properly culture and care

for it. In *Davies* v. *Ramsdell,* 40 Cal.App. 432 [183 P. 702], the court says:

"This is an appeal from an order appointing a receiver *pendente lite,* in a suit in equity, more resembling the old suit to remove a cloud on title than the code suit merely to quiet title. The appellant contends the order should not have been made, as such appointments are not usually made in suits to quiet title. In this case there were equitable considerations before the court in addition to those of the ordinary suit to quiet title. Equity has inherent power in aid of its jurisdiction to grant injunctions and to appoint receivers, and the exercise of the power rests very largely in the discretion of the chancellor. . . ."

We also quote the following from *Takeba* v. *Superior Court,* 43 Cal.App. 469, 474, 475, 476 [185 P. 406]:

"The sole and only question to be determined in this proceeding is, manifestly, whether the respondent court stepped beyond its jurisdiction in appointing a receiver in the case of *Mier* v. *Mizushima,* mentioned above, and in taking, through the receiver so appointed, possession of the fruit referred to in the petition for this writ.

"Numerous affidavits have been filed herein touching the merits of the controversy—that is, affidavits addressed to the question as to the ownership of the fruit. But we cannot decide that controversy in this proceeding. If it appears that the court was within its jurisdiction under the law in appointing the receiver, then the inquiry, so far as this proceeding is concerned, is at an end.

"But we think the respondent court was authorized to act in this case, upon a proper showing, of course, upon the provisions of what was formerly subdivision 6 of the code section, above named, but which is now, and has been since the above considered amendment of 1919, subdivision 7. It reads: 'In all other cases where receivers have heretofore been appointed by the usages of courts of equity.'

"Where the dispute in a litigation is as to the title to the property involved therein and it is made satisfactorily to appear that the property is of such a character or is in such a situation as that it is likely to be lost or destroyed or greatly deteriorated in value in the hands of the party in possession before the merits of the controversy can be adjudicated, and a satisfactory showing is made that the plaintiff has some interest in the property, or that the plaintiff's right thereto or to

some portion thereof is reasonably certain, the court may in the exercise of its discretion, appoint a receiver to take custody of the property pending the litigation and the determination of the rights of the parties. This means, of course, that the court itself may take possession or custody of the property and hold or dispose of it, according as the nature of the property or the exigencies of the situation with respect to it may require.''

The other type of case referred to in section 564 of the Code of Civil Procedure, applicable to such a case as we have here, is fully illustrated by *Armbrust* v. *Armbrust,* 75 Cal.App.2d 272 [171 P.2d 75] wherein the court states:

''If it appears that the party seeking the appointment 'has at least a *probable* right or interest in the property' and that 'there is danger of its being lost or destroyed or misappropriated,' then if 'upon conflicting testimony, such right or interest and danger of the destruction or misappropriation of the property or fund are found to exist, a reviewing court is, as a general rule, in no position to say that a nisi prius court has abused its discretion in the appointment of a receiver.' (*Whitley* v. *Bradley,* 13 Cal.App. 720, 725 [110 P. 596].) Here the verified pleadings showed the probable interest of the respondent and the danger of misappropriation of the property or its proceeds sufficiently for the judge to state his conclusion that 'the appointment of a receiver . . . may be a step in the right direction for the preservation of the assets that are involved in the controversy, . . . as set forth in the complaint itself. . . . It certainly would keep in status quo the property and assets of the litigants.' ''

The showing made in the instant case is the same as that referred to in the quoted language. Concerning this case, in an attempt to avoid the effect of this decision, appellant says, ''and the case of *Armbrust* v. *Armbrust,* 75 Cal.App.2d 272 [171 P.2d 75] . . . is a case in which plaintiff alleged that defendant had obtained a conveyance to the property by fraud.'' However, the order appointing the receiver was not made on the application of the plaintiff at all but on that of the defendant on her cross-complaint which raised no issue of fraud whatever.

Before us we have a case where a showing was made to the court that a plaintiff had a probable interest in the property and that there was danger of its loss or material injury. In fact the right of the plaintiff to the proceeds of the crops was an admitted fact.

In discussing the question of jurisdiction, the appellant says: "There is a recent case of *Khatchadourian* v. *Davidian*, 79 Cal.App.2d 539 [179 P.2d 853], decided on May 23, 1947, in which the court ruled that a receiver could not be appointed for the crops on the trees by the request of the vendor as against the vendee."

Contrary to this statement of appellants, the receiver in the case cited was not appointed at the request of the vendor but at the request of the vendee. Neither do the facts in any way parallel those confronting us here. The cited case held that the plaintiff had no right to the crop or the proceeds of it. There was no contract such as existed in the case before us governing the rights of the parties in that regard. The order in the Khatchadourian case, unlike the order in this case, required the receiver to take possession of the real property and to harvest and sell the crops. The prime issue of the case at bar, of the protection of the grove and its proper care, was not involved in that case.

The only other case to which plaintiff calls our attention on the question of jurisdiction is *Bennallack* v. *Richards*, 125 Cal. 427 [58 P. 65]. In that case the matter before the court was stated by it as follows, on page 433:

"In making this sale the executors exercised and exhausted their power to deal with the property unless upon reporting the sale to the court confirmation of the sale was refused. It certainly cannot be true that executors acting under such a power may make a valid and unimpeachable contract of sale to appellant, refuse to report it to the court for confirmation in violation of a duty imposed upon them by law, and having put him in possession and permitted him to make improvements to an amount nearly or quite equal to the value of the property at the time the contract of sale was made, invoke the powers of a court of equity to compel an accounting for the rents received, doubtless largely increased by the improvements made, and have a receiver appointed to collect and retain them, to be disposed of by some future order of the court. 'He who seeks the appointment of a receiver must himself come into court with clean hands.' (High on Receivers, Sec. 7.)"

The court then held that the executors were therefore in no position to invoke the aid of a court of equity. Nothing in that decision bears even remotely on the situation involved here.

We agree with appellant that the court has no power to appoint a receiver pendente lite unless the evidence shows that the property is in danger of being materially injured. The affidavit of Snidow, to which we have referred, and the evidence given at the hearing, were sufficient to justify the court in holding that the property was in danger of being lost or materially injured. "The rule is well established that the appointment of a receiver rests largely in the discretion of the trial court, and that its action in appointing a receiver will not be disturbed by an appellate court in the absence of a showing of abuse of discretion. (*Conklin* v. *Superior Court,* 1 Cal.2d 601 [36 P.2d 386]; *Anderson* v. *Anderson,* 124 Cal. 48 [56 P. 630, 57 P. 81, 71 Am.St.Rep. 17]; *Copper Hill Mining Co.* v. *Spencer,* 25 Cal 11; *Lent* v. *H. C. Morris Co.,* 25 Cal.App.2d 305 [77 P.2d 301]; *Sunset Farms, Inc.* v. *Superior Court,* 9 Cal.App.2d 389 [50 P.2d 106]; *Lowe* v. *Copeland,* 125 Cal.App. 315 [13 P.2d 522]; *Brush* v. *Apartment & Hotel F. Corp.,* 82 Cal.App. 723 [256 P. 285]; *Fox* v. *Flood,* 44 Cal.App. 786 [187 P. 68].)" (*Goes* v. *Perry,* 18 Cal.2d 373, 381 [115 P.2d 441].)

The appellants in this case would not be benefited by a reversal of the order. The contract between the parties was such that they were not entitled to receive the proceeds of the sale of the fruit in any event and they could not be injured by the appointment of a receiver who could care for the culture of the grove and could assume payment for that care, fertilization and irrigation as needed. In appeals from orders appointing receivers, just as in other cases, the appellant must show injury as well as error (*Davies* v. *Ramsdell, supra*; *Carroll* v. *Carroll,* 16 Cal.2d 761, 771 [108 P.2d 420]).

The orders appealed from are affirmed.

Doran, Acting P. J., and White, J., concurred.