[Civ. No. 20592.   Second Dist., Div. Three.   June 24, 1955.]

REPUBLIC OF CHINA, Respondent, v. C. K. CHANG, Appellant.

Morris Lavine for Appellant.

Newell & Chester and Theodore A. Chester for Respondent.

WOOD (Parker), J.—Defendant appeals' (1) from an ex parte order appointing a receiver, and (2) from the order confirming said appointment. He contends that it was error to appoint a receiver. He argues that: there was no statutory provision authorizing the appointment of a receiver in this kind of action; a writ of attachment could have been issued herein; the affidavit in support of the application for appointment of a receiver was insufficient; and the complaint did not state a cause of action.

The complaint alleges three causes of action. The first cause of action alleges that: in February, 1943, P. T. Mow was appointed by plaintiff as director and placed in charge of one of its purchasing offices in the United States, which office was thereafter named "Chinese Air Force Office in U. S. A."; plaintiff made advances of several million dollars to Mow; as such director it was Mow's duty to receive and hold for the account of plaintiff all moneys advanced by plaintiff to him, to pay therefrom all bills for aircraft equipment purchased by Mow, to make other expenditures authorized by plaintiff, and to return the unexpended balance to plaintiff. It is alleged further therein, upon information and belief, that in the summer of 1946 defendant Chang and Mow entered into a con-

spiracy to embezzle funds belonging to plaintiff. It is alleged further that, in pursuance of said conspiracy, defendant and Mow represented to plaintiff that they expended $810,000 of plaintiff's money for the purchase of aircraft equipment and payment of administration expenses; said representations were false and were made for the purpose of inducing plaintiff not to audit the account of Mow; plaintiff relied upon such representations, and, because of the trust it reposed in Mow, plaintiff did not audit his accounts; $810,000 was given by Mow to defendant, and it was expended by defendant for his use in a manner unknown to plaintiff, as a result of which plaintiff was damaged in the sum of $810,000. It was alleged further that by an order dated April 30, 1951, plaintiff abolished the office of Chinese Air Force in United States of America, and directed Mow to deliver to plaintiff all records and funds pertaining to that office; Mow failed to comply with the directive; in November, 1951, plaintiff filed an action in the United States District Court against Mow for an accounting; prior to the date for taking Mow's deposition therein, he fled to Mexico; thereafter, the court made an order "striking the pleadings of Mow," and ordered him to account to plaintiff and to deliver to plaintiff all records and moneys pertaining to said air force office; in November, 1953, plaintiff took depositions of certain officials of the Corn Exchange Bank of Philadelphia, and discovered that Mow had turned over to defendant $810,000 belonging to plaintiff.

The second cause of action realleged the allegations of the first cause of action relating to: appointing Mow as director, advancing money to him for certain purposes, abolishing the office, Mow failing to deliver the records and funds, filing an action against Mow, taking depositions of bank officials in 1953, and learning for the first time that Mow had delivered $810,-000 to defendant. It alleged further therein that about August, 1946, Mow, without the knowledge or consent of plaintiff, delivered to defendant $810,000 which belonged to plaintiff; defendant knew that Mow was an agent of plaintiff, that the $810,000 delivered to him by Mow belonged to plaintiff, that Mow was acting in excess of his authority and without plaintiff's consent. It alleged further, upon information and belief, that defendant had used said funds to purchase real and personal property in various states including California; among other properties purchased by defendant are various Chinese objects d'art including Ming vases, and also a 1953 Oldsmobile automobile; defendant has threatened to leave the

United States permanently in the near future and to take with him the above described personal property; unless a receiver is appointed to take charge of said property defendant will remove the same permanently from the United States; plaintiff has no adequate remedy at law in that a writ of attachment will not lie, and defendant is now engaged in removing all of his assets including the above described personal property from California.

The third cause of action realleged the allegations of the first cause of action relating to appointing Mow as director and advancing money to him for certain purposes. It alleged further therein that defendant became indebted to plaintiff in the amount of $810,000 for money had and received, no part of which has been repaid, and that said amount is now due from defendant to plaintiff.

The prayer of the complaint was for $810,000 general damages; an order declaring that defendant holds all his property in California "including those certain objects d'art and that certain 1953 Oldsmobile," in trust for plaintiff; an order appointing a receiver to take immediate possession of the assets of defendant; and an order that defendant render an accounting.

An affidavit of Chao-Cho Shih, in support of an application for an order for arrest of defendant, stated, in part, that: Chao-Cho Shih is a citizen of the Republic of China and is in charge of the procurement office of the Chinese Air Force in the United States; he verified the complaint herein, and the allegations of said complaint are incorporated by reference in this affidavit; in May, 1953, defendant applied for a visa for entry into Indonesia, and gave his residence as Chicago, Illinois, when in truth he was residing in California; defendant has been packing his personal belongings and crating various objects d'art, consisting largely of Ming vases located at 921 South Dewey Street, Los Angeles, which defendant values at $50,000. It was stated further therein, upon information and belief, defendant intends to leave the United States permanently and "to ship all of his personal belongings, including said objects d'art." It was further stated that the art objects were purchased with funds which were received by defendant from Mow.

An affidavit of Robert M. Newell, in support of the "Order for Appointment of a Receiver," stated, in part, that on March 18 and 22, 1954, he, as attorney for plaintiff, took the deposition of defendant, and defendant testified as follows: he owns

approximately 90 Chinese antiques consisting of porcelain and pottery vases and figurines, the great majority of which are packed in boxes, and are located at 951 South Dewey Avenue, Los Angeles; in his opinion they are worth between $50,000 and $60,000; he received $810,000 from Mow, and a portion of that sum was expended for said antiques. The affidavit stated further that on March 23, 1954, he (Attorney Newell) took the deposition of defendant's wife, and she testified that there are approximately 85 Chinese art objects in the residence at 951 South Dewey Avenue which belong to defendant; in addition thereto, there are approximately six porcelain vases and figurines which have been removed to her brother's ranch in Lancaster, California. It was stated further in the affidavit that the art objects at the Dewey Avenue address are in the actual possession of defendant's wife and mother-in-law; a majority of the art objects are packed in boxes, apparently for shipment to places unknown to affiant; said art objects are not a part of the plant, equipment or stock in trade of any business; since March 17, 1954, defendant has been in the custody of the sheriff under an order of civil arrest issued in this action; on March 21, 1954, defendant executed several general powers of attorney in favor of one Lee; on March 23, 1954, Lee, under authority of said powers of attorney, took possession of defendant's 1953 Oldsmobile automobile, which was in storage; the whereabouts of the Oldsmobile is unknown to affiant; Lee has threatened to take possession of the art objects by virtue of said powers of attorney. It was further stated, upon information and belief, that Lee intended to take possession of said art objects and to conceal them. It was stated further that irreparable injury will be suffered by plaintiff during the time necessary for a hearing, upon notice, for the appointment of a receiver of said art objects in that during said period Lee will take possession of said objects, and dispose of or conceal them.

An affidavit of an official of the Corn Exchange Bank, filed after the ex parte order was made, stated that in August, 1946, he opened an account for Chang in said bank; Chang presented two checks, signed by Mow, as the initial deposit— one check for $300,000 and the other for $210,000; Chang stated that he was an agent of the Chinese government, working with Mow, and that the money so deposited was to be used by Chang to make purchases for China.

Appellant contends, as above stated, that there was no statutory provision authorizing the appointment of a receiver in

this kind of action. He argues that no provision in section 564 of the Code of Civil Procedure, authorizing the appointment of a receiver, applies herein. Said section 564 provides, in part, that a receiver may be appointed by the court in which an action is pending in the following cases: ''1. In an action by a vendor to vacate a fraudulent purchase . . . or by a creditor . . . or between partners or others jointly owning or interested in any property . . . on the application of the plaintiff, or of any party whose right to or interest in the property or funds . . . is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured; 2. In an action by a mortgagee . . . 3. After judgment, to carry the judgment into effect; 4. After judgment, to dispose of the property according to the judgment . . . 5. In the cases when a corporation has been dissolved . . . 6. In an action of unlawful detainer; 7. In all other cases where receivers have heretofore been appointed by the usages of courts of equity.''

Plaintiff (respondent) asserts that it has an interest in the property, and that said property was in danger of being removed; and that the determination by the trial court that the protection of plaintiff's interest requires the appointment of a receiver may not be reversed unless there was an abuse of discretion.

Plaintiff cites *Goes* v. *Perry,* 18 Cal.2d 373 [115 P.2d 441], and argues that the facts in that case are analogous to the facts in the present case. The Goes case was an action in claim and delivery to recover possession of certain furniture and fixtures. An intervenor therein sought to impose a trust upon said property, in favor of herself and co-owners of a trust fund, on the ground that the property was purchased with money which was wrongfully appropriated from the trust fund. Upon the verified complaint in intervention and the affidavit of plaintiff's attorney therein, a receiver was appointed. It was held therein that the trial court did not abuse its discretion in appointing a receiver.

In *Snidow* v. *Hill,* 84 Cal.App.2d 702 [191 P.2d 513], which was an action to quiet title to real property, a receiver was appointed to care for and harvest fruit thereon. Appellants therein contended that the court had no jurisdiction to appoint a receiver in that case. It was stated therein at pages 704-705: ''If we scan the provisions of the contract . . . and examine

the averments in the affidavit . . . we find a situation in which the plaintiffs' interest in the fund is probable and the property or fund is in danger of being lost or materially injured. There is no doubt as to its being the type of action in which courts of equity have exercised their inherent power in aid of their jurisdiction to appoint receivers. . . . In *Davies* v. *Ramsdell,* 40 Cal.App. 432 [183 P. 702], the court says: 'This is an appeal from an order appointing a receiver *pendente lite,* in a suit in equity. . . . The appellant contends the order should not have been made. . . . In this case there were equitable considerations before the court in addition to those of the ordinary suit to quiet title. Equity has inherent power in aid of its jurisdiction to grant injunctions and to appoint receivers, and the exercise of the power rests very largely in the discretion of the chancellor. . . .' "

*Takeba* v. *Superior Court,* 43 Cal.App. 469 [185 P. 406], was a petition for a writ of prohibition restraining the superior court from exercising any control of property which was involved in an unlawful detainer action then pending in said court. The sole question for determination therein was whether the court exceeded its jurisdiction in appointing a receiver to take possession of certain fruit growing on the land. The action therein was commenced prior to the time section 564 of the Code of Civil Procedure was amended by adding the present subdivision (6), which provides that a receiver may be appointed in an action of unlawful detainer. It was held therein, however, (pp. 475-476) that the superior court was authorized to appoint a receiver under another provision of section 564, now subdivision 7, permitting the appointment of a receiver in ''all other cases where receivers have heretofore been appointed by the usages of courts of equity.''

*Armbrust* v. *Armbrust,* 75 Cal.App.2d 272 [171 P.2d 75], was an action by plaintiff against his former wife to rescind an agreement entered into during their marriage which provided that they would hold certain separate property in joint tenancy. Defendant filed a verified cross-complaint therein in which she prayed for an accounting and for the appointment of a receiver, alleging that plaintiff was in possession of a parcel of the joint tenancy property. Plaintiff therein appealed from an order appointing a receiver. It was stated in that case, at page 275, that: ''The appointment of a receiver is a matter in the discretion of the trial court (22 Cal.Jur. 435). If it appears that the party seeking the appointment 'has at least a *probable* right or interest in the property'

and that 'there is danger of its being lost or destroyed or misappropriated,' then if 'upon conflicting testimony, such right or interest and danger of the destruction or misappropriation of the property or fund are found to exist, a reviewing court is, as a general rule, in no position to say that a *nisi prius* court has abused its discretion in the appointment of a receiver.' "

█ In the present case, in view of the allegations of the verified complaint, and of the affidavit of plaintiff's attorney, the court had for its consideration allegations to the effect that appellant, pursuant to a conspiracy with plaintiff's agent Mow, received $810,000 of plaintiff's funds; that appellant admitted that he received said amount of money and that a portion of it was expended for the art objects (the subject of the receivership herein) which were located at Dewey Avenue; and that appellant intended to remove said art objects from the United States. The allegations were legally sufficient to show that plaintiff has a probable interest in the property and that there was danger that the property would be removed from the jurisdiction of the superior court. Under these circumstances the appointment of a receiver was a matter within the discretion of the trial court.

█ Appellant's contention that a writ of attachment could have been issued herein and that therefore it was error to appoint a receiver is not sustainable. He asserts that each of the three causes of action alleged herein is, "in the last analysis," for money had and received; that such an action is upon an implied contract, and that an attachment will issue in such an action. As above shown, the basis for the action herein was the alleged fraudulent appropriation of money belonging to plaintiff. The addition of the third cause of action for money had and received did not change the nature of the action or deprive plaintiff of the right to have a receiver appointed to protect its interest in the property which was allegedly purchased with its misappropriated funds. In *Stone* v. *Superior Court*, 214 Cal. 272 [4 P.2d 777], it was stated, page 274, that: "The fact that plaintiff's complaint . . . contained two counts and that the second count therein was in the form of a common count for money had and received cannot be held to change the situation or to entitle the plaintiff to the issuance of a writ of attachment in said action, since her cause of action is admittedly the same in each count and is founded upon the facts set forth in detail in the first count of her complaint from which it clearly appears that her only cause of action is one founded upon defendants' alleged fraud

132

and deceit." (See also *Stowe* v. *Matson,* 94 Cal.App.2d 678, 681 [211 P.2d 591].)

As to appellant's contention, that "the affidavit" (of plaintiff's attorney) in support of the application for the appointment of a receiver was insufficient, it is to be noted that the appointment was not based solely on the affidavit of plaintiff's attorney. The court recited in its ex parte order appointing a receiver that it had before it, in support thereof, the complaint, plaintiff's petition for an appointment of a receiver, and the affidavits of plaintiff's attorney and of Chao-Cho Shih.

■ "Evidence to justify the appointment of a receiver may be presented 'in the form of *allegations in a complaint or other pleading,* by affidavit or by testimony.' " (*Armbrust* v. *Armbrust, supra,* 75 Cal.App.2d 272, 274 [171 P.2d 75].)

■ Appellant asserts that "there is neither in the complaint nor the affidavits any legally competent evidence" from which property purchased by appellant with the funds of plaintiff can be identified. The affidavit of Chao-Cho Shih states that the art objects to be taken into custody by the receiver herein were purchased with funds, or "proceeds thereof," which were received by defendant from Mow. The affidavit of plaintiff's attorney states that defendant testified in his deposition that a portion of the money he received from Mow was expended for the art objects involved herein. The pleadings and affidavits were sufficient to justify the appointment of a receiver.

■ Appellant contends further. as above stated, that the complaint did not state a cause of action against the defendant and that therefore it was error to appoint a receiver. Appellant demurred to the complaint on the grounds, among others, that no cause of action was stated, and that the action was barred by subdivisions 3 and 4 of section 338 of the Code of Civil Procedure. Appellant argues that the action was not filed within three years after the alleged misappropriation, as required by subdivisions 3 and 4 of said section 338; and that the complaint shows that plaintiff did not use reasonable diligence in ascertaining the facts constituting the alleged fraud. The complaint herein was filed March 8, 1954, and it alleged, as above shown, that in November, 1953, plaintiff discovered that Mow had turned over $810,000 of plaintiff's money to defendant; that defendant and Mow falsely represented to plaintiff that they had expended $810,000 of plaintiff's money for the purchase of aircraft equipment and administration expenses; that plaintiff relied

upon said representations and, because of the trust plaintiff reposed in Mow, did not audit his accounts. The complaint stated a cause of action. The action is not barred by the statute of limitations.

The ex parte order appointing a receiver is not an appealable order (*Moore* v. *Oberg,* 61 Cal.App.2d 216, 220 [142 P.2d 443]; *Baumann* v. *Bedford,* 18 Cal.2d 366, 368 [115 P.2d 437]), and the appeal from said order should be dismissed.

The order confirming the appointment of a receiver is affirmed. The purported appeal from the ex parte order is dismissed.

Shinn, P. J., and Vallée, J., concurred.