[Civ. No. 20711.   First Dist., Div. Three.   May 13, 1963.]

ASSOCIATED CREDITORS' AGENCY, Plaintiff and Appellant, v. DOLIGHT WONG et al., Defendants and Respondents.

FOONE LOUIE, Plaintiff and Appellant, v. DOLIGHT WONG et al., Defendants and Respondents.

(Consolidated Cases.)

James M. Connors, Langer & Simpson, Mueller & McLeod, Charles J. Wong, J. C. Simpson and Harold Auerbach for Plaintiffs and Appellants.

Irvin Goldstein for Defendants and Respondents.

DEVINE, J.—The question in this case is whether there is substantial evidence to support the finding that respondents Dolight Wong and Stanley Mah were not partners in a firm purchasing supplies and insurance from plaintiffs' assignors within four years prior to the filing of the complaints, the earliest of which was on January 29, 1957.

### Facts and Law Relating to Alleged Partnership

In 1948, about 140 persons, including respondents, formed a firm with Henry Wong, patriarch of the enterprise, and shares of "stock" were sold to all without benefit of permit by the Commissioner of Corporations. It was called Shew Fung Company, and it engaged in grocery and liquor business. Respondent Wong put up $2,000 and respondent Mah, $1,500 of a total capital of $85,000. It is admitted by all parties to the appeal that the organization constituted a partnership in fact, and that all of the "shareholders" had the liabilities of partners, until the death of Henry Wong in 1949. His widow succeeded him, by Chinese custom, in the control of the business as holder of the largest share, and she in turn told her son, Jack Chinn, to manage it. Respondent Mah testified that from that time he considered himself only an employee, that he was on a salary of $180 or $200 a month, that he got no profits and bore no losses of the firm, that he and respondent Wong were dissatisfied with the management, and that a few months later he departed San Francisco and went to Oregon. Respondent Wong testified that he and Mah approached Lillian Wong, after her husband's death, told her to "straighten out the affairs" and told her to "call a shareholders' meeting." Mrs. Wong refused to do so. Respondent was asked, under direct examination and without objection, if after the death of Henry Wong he "made effort to get out of the partnership," and he answered "Yes." He was asked if after 1952 he took "any active part in the management" of the business, and he answered "No." He left the employ of the company in the early part of 1952. He had signed some checks of the firm in 1952 while he was still employed, at the request of Chinn and someone else who was not identified. The merchandise and services which form the basis of the present action are alleged to have been supplied within four years, which would make the earliest date January 29, 1953, several months after respondents left the firm. Much, if not all, of the whole arrangement was carried on with a view to conforming to Chinese custom rather than to the Corporations Code.

The original partnership was dissolved by the death of Henry Wong in 1949, unless (1) it were provided in the certificate that it should continue (and appellants do not claim liability was created thereby), or (2) all of the members consented (Corp. Code, § 15520). A new partnership might have been created without particular formality, which would be similar to the continuation of the old one with the consent of all of the members; and, indeed, it is likely that a new partnership did exist between Mrs. Wong and Jack Chinn, and possibly others, but the question before us is whether there is evidence of such force as to compel upsetting the trial court's considered judgment that respondents Mah and Wong were not partners in the years in which debts sued on were incurred. ▮ Existence of partnership is primarily a question of fact for the trial court to draw from the facts and the inferences to be drawn therefrom. (*Spier* v. *Lang,* 4 Cal.2d 711, 716 [52 P.2d 138].)

▮ Plaintiffs by no means have shown evidence which which they might ask this court to do so; and, besides, would compel this court to upset the determination of the trial court and have not pointed, in their briefs, to evidence upon there is positive testimony of the respondents that they were not called upon by the firm to sustain its losses, although loss-sharing is a duty of partners (Corp. Code, § 15015), and that they did not take part in the management, a primary element in partnership organization (*Dickenson* v. *Samples,* 104 Cal. App.2d 311, 315 [231 P.2d 530]; *Rosenberg* v. *Broy,* 190 Cal. App.2d 591, 597 [12 Cal.Rptr. 103]). The court was entirely justified in finding that respondents were not in fact partners in the Shew Fung Company during the time relevant to this action.

### Claimed Estoppel Arising from Lawsuits

▮ Two actions were filed by respondents, in 1956 and 1957, against Jack Chinn and fictitious defendants, which no doubt were the occasion for the filing of the action which is before us, and which are the basis of appellants' claims that respondents are estopped to deny the existence of the partnership during the time appellants' assignors furnished goods and services to Shew Fung Company. In the first of these actions, respondents herein, Mah and Wong, alleged the forming of the partnership in 1948, the death of Henry Wong and the management of the business thereafter by defendant Chinn, refusal on the part of Chinn to allow plaintiffs and other partners to participate in management or to account to

them, and withdrawal of large sums from the business by Chinn to himself and his mother; and plaintiffs asked that a receiver be appointed.

Defendant Chinn answered, generally denying the allegations. He filed an affidavit, opposing the receivership, in which he alleged that Wong and Mah left the partnership to form their own grocery business in 1952. A receiver was appointed by the court, and the business was sold. Another defendant was brought in by amended complaint, and he demurred, raising the point that the partnership did not exist since the dissolution by death of Henry Wong; and, in reply, plaintiffs filed a memorandum contending that following dissolution, the remaining partners had a right to accounting pending final liquidation. The demurrer was overruled, the new defendant filed an answer, and that is the last step, so far as the record before us shows, in that lawsuit.

In the second action, plaintiffs allege that Chinn and another defendant were attempting to obtain for themselves a lease of the premises in which Shew Fung Company had been operating, contrary to their duty to plaintiffs and other partners, and they seek injunction. The same point, dissolution by death of Henry Wong, was raised by demurrer and after that no steps were taken by either side, so far as the record shows.

It was stipulated that no credit was extended to Shew Fung Company in reliance upon information that Dolight Wong or Stanley Mah was a partner in the business.

It is not clear whether appellants claim the benefit of estoppel by judgment or of quasi estoppel. ██ Two of the elements which are necessary in order to establish estoppel by judgment are: (1) The parties must be the same, actually or by certain relationships (Rest., Judgments, §§ 79, 80; *Bernhard* v. *Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892]). ██ Here, obviously, the parties are different. ██ (2) There must have been a final judgment on the merits. ██ Here, the issue of partnership was not decided. ██ An order appointing receiver was made, and this is an appealable order (Code Civ. Proc., § 963, subd. 2), but not a judgment on the merits of the lawsuit itself. ██ Receivership is merely an ancillary remedy, and there is no such thing as an independent suit for receivership. (1 Witkin, California Procedure, 939.) ██ On appeal from an order appointing a receiver, where there is evidence that the plaintiff has at least a probable right or interest in the property and that the property is in danger of destruction, removal, or misap-

propriation, the order will not be disturbed. (*Sachs* v. *Killeen*, 165 Cal.App.2d 205, 213 [331 P.2d 735]; *Republic of China* v. *Chang*, 134 Cal.App.2d 124, 131 [285 P.2d 351]; *Armbrust* v. *Armbrust*, 75 Cal.App.2d 272, 275 [171 P.2d 75].) ■ The order appointing receiver was nothing more than a measure of conservation because of the probable interests of plaintiffs in the action, respondents herein.

■ It is undisputed that for a period of almost four years, but before the claims in the present action were created, respondents had been partners, and dissolution of the partnership would not terminate it (although it would foreclose the individual's liability for new debts), for partnership continues until the winding up of partnership affairs is completed. (Corp. Code § 15030; *Engleman* v. *Malchow*, 91 Cal.App.2d 341, 344 [205 P.2d 413].)

■■ There is, however, a quasi estoppel, of lesser definiteness in scope than estoppel by judgment, which is sometimes invoked, and which, we take it, appellants ask us to call up here, by which a party may be prevented from taking inconsistent positions in litigation. This form of estoppel is of vague application (*Coleman* v. *Southern Pacific Co.*, 141 Cal.App.2d 121, 128 [296 P.2d 386]; 31 C.J.S. 373; 19 Am. Jur. 704-730), and it is not our purpose to fix its boundaries. It is enough to say that, at the very least, the position presently taken must be clearly inconsistent with that assumed earlier, so that one necessarily excludes the other (*Coleman* v. *Southern Pacific Co.*, supra, p. 128), which is not so in this case because, as stated above, respondents concededly were partners at one time, and by the earlier actions sought to protect that interest without necessarily admitting continuation of the partnership; and that in order to effect any kind of estoppel it is ordinarily, if not always, necessary that the party claiming estoppel have been misled, to his prejudice, by the other party (*Riley* v. *Brown*, 72 Cal.App. 468, 478 [237 P. 833]), and the creditors herein admittedly gave no credit to Shew Fung Company by reason of the earlier lawsuits.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.