[Civ. No. 15755.  Second Dist., Div. Two.  July 1, 1947.]

YAHR-DONEN CORPORATION, Respondent, v. MAUDE E. CROCKER et al., Defendants; RACHEL CROCKER FENTON, as Administratrix, etc., et al., Appellants.

C. E. Crowley for Appellants.

Tscharner & Miller for Respondent.

MOORE, P. J.—Prior to February 15, 1945, Maude E. Crocker and Grace E. Buchner as a partnership had engaged in retail merchandising at Pomona under the firm name of "Petite Shop." On that day they entered into a contract with respondent whereby the latter was to act as resident New York buyer for the partnership, and in connection therewith agreed to render services in and about (1) the buying of merchandise, (2) special orders, (3) market information, (4) best sources, (5) best proven reorder style numbers, (6) daily and weekly bulletins, (7) follow up on orders, (8) advantages of group purchases, and (9) to furnish personal buying services to the partnership on their periodic visits to New York. In addition to such services respondent was to allow the partnership the use of its facilities in New York, St. Louis, Chicago, Los Angeles and Dallas. As consideration for such services and privileges the partnership agreed to pay respondent the sum of $125 in advance on the first day of each and every month during the term of the agreement which commenced on February 15, 1945, to terminate on February 14, 1946. The contract provided also for the payment to respondent of 3 per cent of the gross retail volume of business done by the partnership during its term in excess of $100,000, to be determined through a certified audit.

During the summer of 1945, the partners visited respondent's establishment in New York. Expert buyers furnished by respondent accompanied them to the exhibits of the various manufacturers of garments to be worn during the fall and

winter season of 1945-1946. The recommendations of such buyers were accepted by the partners in making purchases.

After their return to California Mrs. Crocker deceased on August 29, of which fact respondent was advised by Mrs. Buchner on December 10, 1945, although her attorney had written respondent to the same effect on October 4, 1945. On the 10th day of the latter month Mrs. Fenton qualified as administratrix of the decedent's estate and duly published notice to creditors. On November 20, respondent filed its claim with the administratrix. After its rejection this action was brought to recover $562.20 "salary as provided in said contract and for the further sum of $1500 which is three per cent of the gross retail volume of business above $100,000.00 during the term of said contract."

Following a trial the court found the facts to be as alleged by respondent and concluded that the partnership had never been dissolved and that respondent was entitled to a judgment against Mrs. Buchner and the administratrix in the sum of $562.20 with interest at 7 per cent after February 15, 1946. Judgment was entered accordingly.

Although the judgment requires revision as to its form, yet as to substance no valid ground appears for its reversal. The correctness of the court's order in overruling the general demurrer to the complaint will appear from the following discussion of the decision and judgment.

Contrary to appellants' contention the contract is not one for personal service. A reasonable interpretation of the writing is that respondent was to perform the specified services for the total sum of $1,500 payable in 12 equal monthly installments. Fuller information as to the nature and scope of such services was developed at the trial. The court determined that the contract required respondent to make daily investigations of market conditions as to all kinds of ready-made merchandise; to keep informed as to styles that would prevail during approaching seasons; to furnish the partnership with the benefits of the contracts of respondent with manufacturers and to supply its client with the best information available as to prices and available merchandise; to advise the partnership as to its needs and to arrange for the Petite Shop's purchase thereof from the proper manufacturers. Under the system and practice of respondent the retailer must so arrange his purchases in advance that when a season arrives he will have seasonal merchandise in stock. Manufacturers produce in spring and summer the garments

to be worn the following winter. Respondent placed the partnership's orders for merchandise and kept check of and followed up such orders to make sure that they would be delivered as per order and on time.

█ It thus appears that the contract was not for a personal service but on the contrary it was a contract to render through its agents expert and professional service and advice to the partnership for their guidance in buying at greater advantage than by relying upon their own efforts.

*Louis* v. *Elfelt,* 89 Cal. 547 [26 P. 1095], is not pertinent. Louis was a traveling salesman and sued for wages earned after the partnership had been dissolved by the death of a partner. His work was for a nonexisting entity. In the instant case respondent sold a year's service to the partnership and practically all the service had been rendered prior to Mrs. Crocker's demise. However, if any order of the partnership had remained to be checked up such service could have been performed by an agent of respondent which fact makes inapplicable the general rule that contracts to perform personal acts for a partnership are discharged upon a dissolution of the firm. (*Husheon* v. *Kelley,* 162 Cal. 656, 66 [124 P. 231].)

█ The partnership obligated itself to respondent for a year's service. Upon the dissolution by the death of Mrs. Crocker the partnership was not terminated but continued until its affairs should be completely wound up. When a partner dies the business of the firm is not thereby liquidated but is continued and the rights of the creditors of the dissolved partnership remain as if there had been no dissolution. (Civ. Code, § 2435.) The dissolution of a partnership affects only future obligations of the business. As to past transactions the partnership continues until it shall have satisfied all of its preexisting obligations. (*Cotten* v. *Perishable Air Conditioners,* 18 Cal.2d 575 [116 P.2d 603, 136 A.L.R. 1068].) It follows that the debt due respondent by the "Petite Shop" on account of the contract remained unsatisfied at the death of Mrs. Crocker and was payable out of the assets of the partnership or by the successors or successor of the partnership; and in the event of a failure to realize payment from the business then the debt became one of Mrs. Buchner and of the estate of her deceased partner. Mrs. Buchner as surviving partner having failed to pay respondent as required by the Probate Code, section 571, it was justified in filing its claim with the administratrix of the estate of Mrs. Crocker, to be paid by her in the course of administration.

In this action upon the claim, service of summons upon Mrs. Buchner authorized a judgment binding the partnership property the same as though Mrs. Crocker had been living and served with process in the action. (Code Civ. Proc., § 388.) Inasmuch as the administratrix has never sold the interest of Mrs. Crocker in the partnership, and since it appears that Mrs. Buchner as surviving partner in winding up the affairs of the partnership has not paid the claim, a separate judgment should have been entered adjudging the validity of the claim and directing the administratrix to pay in the course of administration the amount ascertained by the court to be due. (Prob. Code, § 730.) The abortive effort of Mrs. Buchner to dispose of the obligations of the partnership and to acquire title to its assets by a settlement with the heirs of Mrs. Crocker was contrary to law. The safeguards of the titles of decedents were not thrown around them merely to create a fanciful kaleidoscope. They are real barriers for the protection of creditors and legitimate heirs and can be removed only by the procedure ordained by law.

Certain technical errors disconsonant with the evidence, decision and judgment will be corrected to conform with the pleading and the proof. Finding XV declares that "there is due from the plaintiff to defendant partnership . . . the sum of $652.20 salary under said agreement for the months of October, November and December, 1945, and the months of January and to February 15, 1946." Of course such declaration is due to inadvertence. The proof is, and other findings of the court are, that the partnership became indebted to respondent for services rendered by it as provided by its contract with the partnership, for which services the partnership was to pay $125 on the first of each and every month of the contract's term beginning on the date of the contract and continuing to and including January 15, 1946; that the partnership has paid respondent each of such installments prior to October 1, 1945, leaving unpaid the sum of $562.20 for the last four and one-half months of the term. Such finding will be revised accordingly. (Code Civ. Proc., § 956a.)

A similar inadvertence occurred in the formulation of finding XVI which found all of the allegations of the complaint to be true. By stipulation in open court it was agreed that the gross retail volume of business done by the partnership during the term of the contract did not exceed the sum of $53,000. Finding XVI will be revised accordingly.

Inasmuch as the complaint demanded interest at the rate of 6 per cent after February 15, 1946, conclusion I and the judgment will be amended to conform with the demand of the pleading for interest at 6 per cent from February 14, 1946. Since the estate of Mrs. Crocker is also indebted to respondent for the sum found to be due, the administratrix should not be included in the judgment as subject to execution, but should be directed to pay it or any unpaid portion thereof in due course of administration.

It is therefore ordered:

(1) That finding XV be and it is amended to read as follows: That the defendant, Grace Evans Buchner, individually and as the surviving partner of the copartnership, doing business under the name and style of Petite Shop, and Rachel Crocker Fenton, administratrix of the estate of Maude E. Crocker, are indebted to the plaintiff in the sum of $562.20 which constitutes the sum total of the payments to be made under the contract for the months of October, November, and December, 1945, and for January and to February 15, 1946;

(2) That finding XVI be and it is revised to read as follows: The court finds that all the allegations of the complaint are true and that the denials contained in the answer of Rachel Crocker Fenton as administratrix of the estate of Maude E. Crocker and the answer of Grace Evans Buchner are untrue, except that it is not true that the gross retail volume of business done by the defendants during the term of the contract is the sum of $150,000 but that pursuant to stipulation of the parties said volume of business done by the partnership during the term of the contract did not exceed the sum of $53,000;

(3) That conclusion I be and it is hereby modified by striking therefrom the following ''with interest thereon at the rate of 7 per cent since February 15, 1946'' and by substituting in lieu thereof these words, namely: ''with interest at six per cent per annum from February 15, 1946.''

(4) That the judgment be and is hereby amended as follows: (a) Strike the last paragraph thereof and substitute in lieu thereof the following: It is ordered, adjudged and decreed that plaintiff have and recover from defendant Grace Evans Buchner the sum of $562.20 with interest at 6 per cent per annum from February 14, 1946; (b) It is further ordered, adjudged and decreed that in the event that said sum shall not be obtained by the sheriff from a sale of the estate and assets of the partnership of Crocker and Buchner,

doing business under the firm name of Petite Shop at Pomona, or from a sale of the separate property of Mrs. Buchner, the defendant Rachel Crocker Fenton, administratrix of the estate of Maude E. Crocker, deceased, shall pay said judgment in due course of administration.

With the decision and judgment thus amended the judgment is affirmed.

McComb, J., and Wilson, J., concurred.