[Civ. No. 7412.   Third Dist.   Apr. 19, 1948.]

R. S. JAY, as Administrator with the Will Annexed, etc., Respondent, v. HOWARD A. CLARK, Appellant.

Vincent W. Hallinan and James Martin MacInnis for Appellant.

David E. Peckinpah, Harold M. Child and L. N. Barber for Respondent.

ADAMS, P. J.—Plaintiff, as administrator with the will annexed of the estate of George A. Clark, deceased, brought this action against defendant to secure a winding up of the business of a partnership which had existed between decedent and defendant, who were engaged in the printing and publishing business in Madera, publishing a newspaper known as the Madera Tribune.

George A. Clark died September 7, 1944. Plaintiff's complaint, which was filed February 9, 1945, and amended March 7, 1945, alleges that at all times since the death of decedent defendant has wholly failed and neglected to wind up the partnership affairs, but has at all times continued and still continues to carry on the said business, has refused to render any account of the interest of deceased therein, has failed to keep true accounts of the partnership business, and is unable to render to plaintiff full information of anything affecting the said partnership, and that plaintiff has been unable to obtain a settlement of partnership affairs and the payment of the sum due to deceased from said partnership. It was prayed that defendant render an accounting, that the partnership assets be sold and the surplus, if any, after payment of partnership liabilities be divided between defendant and decedent's estate, and that a receiver be appointed.

Defendant filed an answer in which he alleged that he had been engaged in winding up the partnership affairs, admitted he had not rendered an account to the heirs of the deceased partner or to the legatees under the will, and asserted that he had no legal obligation to do so; denied he had failed or neglected to keep true accounts or that he was unable to render a true accounting, and alleged that after the payment of part-

nership debts there was nothing due plaintiff. And in a cross-complaint filed therewith he alleged that he had been winding up the partnership affairs, that there were assets of the copartnership amounting to $11,525.50, and total liabilities of $15,705, and that plaintiff therefore owed defendant $2,089.75 for which he prayed judgment. Plaintiff replied to the cross-complaint, denying the allegations thereof for lack of information or belief.

The issues framed by the complaint and answer were tried by the court sitting without a jury, on June 11, 1946, the cross-complaint having been stricken out by stipulation. The court filed findings which recited that since the death of decedent defendant had carried on the partnership business without the consent of plaintiff or the heirs or legatees, that he had at all times failed and refused to wind up the partnership affairs or to render any accounting of the interest of deceased therein, and that such an accounting was necessary. An interlocutory judgment was thereupon entered appointing a receiver to take possession of the property and assets of the copartnership, to collect its assets and to sell the business, and to operate it until it could be sold as a going concern. Said judgment also required defendant to file an account with the court within 30 days.

From said judgment defendant has taken this appeal, contending that the judgment unlawfully ousts defendant from possession of the business and deprives him of his right to wind up the same; and that the findings of the trial court (a) that he operated the business without the consent of plaintiff, (b) that he refused to wind up partnership affairs, and (c) that he had refused to account for the interest of decedent, are without support in the evidence.

Considering these points in reverse order we find ample evidence to support the said findings of the trial court. Defendant was called by plaintiff as a witness under section 2055 of the Code of Civil Procedure, and was also examined at length by his own counsel. At no time did he testify that he had ever requested of plaintiff or secured from him consent to continue to operate the business, and we find in the record no evidence of the giving of such consent. That he continued to operate the business after the death of his father, and was still operating it at the time of the trial in June, 1946, must be conceded, and that he refused to wind up the partnership affairs is obvious not only from the fact that he admitted he had not taken steps to do so up to the time of the trial, but

from his testimony that he had not advertised or listed the business for sale, that he had no intention of selling it as a whole if he could prevent it, and had no intention of retiring from business; that he never considered selling; that he commenced there as a kid and grew up with it and intended to stay with it. His position as agreed to by his attorney at the close of the trial was that he "intended to keep on doing business at the same old stand"; and the contention of his counsel during the trial was "that upon the death of a partner, all of the partnership assets vest in the surviving partner or partners, and that all that the administrator of the deceased partner's estate has is a chose in action against the surviving partners for the value of the decedent's interest in the partnership assets, which action when it becomes a judgment is only an ordinary creditor's charge against the assets of the corporation." He added: "Now, that is our entire position stated as clearly and simply as I can state it."

That same position is stated before this court in appellant's brief which states that "There can be no question but that Civil Code, section 2436, affords the exclusive measurement of the rights and duties of the parties. The consent to the continued operation of the business was the exercise of the option to take advantage of the remedy afforded by the terms of that section."

However, appellant also seems to take an inconsistent position, for, tacitly admitting the necessity of an accounting by the surviving partner, and a winding up of the partnership affairs, he argues that he has made such an accounting, that he was engaged in winding up the affairs of the partnership, that no demand was made by the administrator for an accounting, that this action was brought only five months after the death of his father, and, therefore, defendant had not been granted a sufficient time to account and/or wind up the affairs.

Respondent cites section 571 of the Probate Code which provides: "The surviving partner must settle the affairs of the partnership without delay, and account to the executor or administrator, and pay over such balances as may from time to time be payable to him, in right of the decedent. Upon application of the executor or administrator, the court or a judge thereof, whenever it appears necessary, may order the surviving partner to render an account, and in case of neglect or refusal may, after notice, compel it by attachment;

and the executor or administrator may maintain against him any action which the decedent could have maintained.'' He also relies upon section 2431 of the Civil Code which provides: ''Unless otherwise agreed the partners who have not wrongfully dissolved the partnership or the legal representative of the last surviving partner, not bankrupt, has the right to wind up the partnership affairs; provided, however, that any partner, his legal representative, or his assignee, upon cause shown, may obtain winding up by the court.''

It is said in 20 California Jurisprudence, page 812, section 108: ''It is the duty of a liquidating partner to proceed to wind up the affairs of the firm, pay its debts out of its assets if sufficient, and divide the residue, if any, among those entitled to it. In the case of a surviving partner the statute expressly requires him to settle the affairs of the partnership without delay. The surviving partner has full authority to do everything that may be necessary to wind up the affairs of the partnership, but his power is limited to the performance of acts which are indispensable to that end. Liquidation must be conducted in such a manner as to conserve the interests of all the partners, and secure the utmost advantage of the concern.'' Also, at pages 816-817, section 112, it is said: ''A surviving partner must account to the executor or administrator of the deceased member and pay over such balances as may from time to time be payable to him, in right of the decedent. On application of the executor or administrator, the court may order an accounting and enforce the order by attachment. The surviving partner must deliver the residue of the partnership property, after payment of debts, to the parties entitled, including the personal representative of the decedent. The accounting must be, not with the heirs, but with the personal representative. The latter is entitled to receive for distribution the whole interest of the deceased partner, even though the survivor has acquired a portion of the decedent's estate, and he may maintain any action which the decedent might have maintained.''

We find nothing in section 2436 or any other provision of the Uniform Partnership Law which varies the rule set forth above, or justifies the claim of appellant here that he was under no obligation to wind up the affairs of the partnership and account to the probate court as provided by section 571, *supra*. Section 2436 of the Civil Code provides: ''When any partner retires or dies, *and the business is continued under any of the conditions set forth in section*

*2435 (1, 2, 3, 5, 6),* or section 2432 (2b) without any settlement of accounts as between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative as against such persons or partnership *may* have the value of his interest at the date of the dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option or at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership; . . .'' (Italics added.)

It appears from the foregoing that the course made possible by section 2436 is dependent upon certain provisions of section 2435, and, as applicable to the carrying on of partnership business and the settlement of partnership affairs on the death of one of the partners, is dependent upon the securing of an assignment from, or, at the very least, the consent of, the personal representative of decedent.   (See § 2435 (1), (2), (3).)

It is said in 47 Corpus Juris, page 1070: ''The business of a partnership may be continued after the death of a partner by agreement between the surviving partners and the representatives of the estate of the deceased partner, provided the personal representatives have been given by the will of decedent the necessary power, or the agreement is approved by the court.''   Also see *Froess* v. *Froess,* 284 Pa. 369 [131 A. 276] ; same, 289 Pa. 69 [137 A. 124], holding that under the Uniform Partnership Act, on death of one partner the surviving partner has a duty to settle partnership affairs and all authority on his part ceases except such as is necessary to wind up the business or complete unfinished transactions; and that, while after the death of a copartner the survivor may, by agreement with interested parties, continue the firm, the purpose to authorize further carrying on must clearly appear.

Appellant argues in his brief that he was *impliedly* given consent to continue the business of the partnership, apparently because, as he says, no objection to his continuance of the business was made by the administrator.   At the same time appellant complains that this action, brought five months after the death of George A. Clark, was improper, as appellant had not been given sufficient time to wind up the affairs of the partnership.   However, plaintiff's consent to appellant's

indefinite continuance of the business cannot be implied from the lapse of a reasonable time after the death of George A. Clark before bringing this action, since a surviving partner is allowed a reasonable time to wind up the business. But whether or not any demand was made by the administrator prior to suit—which does not appear—the bringing of such action was notice to appellant that the administrator was not agreeing to appellant's further continuance of the business, and that a winding up of the affairs was expected. · Furthermore, since the law imposed upon defendant, as the surviving partner, the duty to settle the affairs of the partnership without delay, no reason appears why any demand by the administrator was necessary before defendant took steps to perform this duty. The trial court found, on what we consider sufficient evidence, that defendant had carried on the business without the consent of plaintiff or the heirs or legatees, and that he had failed and refused to wind up the partnership affairs or render any accounting. These findings are conclusive in this court. And as for any complaint that appellant had not been given a reasonable time for such purpose, the record shows conclusively that he had not taken any steps to do so at the time the action was filed, or even when it was tried in June, 1946; and the testimony of defendant indicates clearly that he did not intend to do so.

The only question remaining is whether the trial court erred in authorizing the appointment of a receiver to wind up the partnership affairs and sell the assets. Appellant argues that such order was erroneous, that it ousted him, as the surviving partner, from possession of the partnership assets, and deprived him of his right to wind up its affairs. But in view of the position taken by appellant we cannot see that the trial court abused its discretion or exceeded its jurisdiction in so doing.

It is said in 45 American Jurisprudence, page 42: "It is proper, at the instance of representatives of a deceased partner, to appoint a receiver as against a surviving partner, where he does not act, or, if he does act, is guilty of fraud, waste, or misconduct which puts the assets in danger; otherwise, it is not proper thus to deprive him of his right to the possession of the partnership property." Also see 47 Corpus Juris, page 1049, section 621, which reads: "Regardless of the survivor's general right, a court of equity may, upon proper application, take from him the possession and control of the partnership assets and appoint a receiver when partnership

property is being mismanaged, wasted, improperly commingled with that of the survivor, or when the survivor is faithless to his duty, as in continuing the business for a purpose other than to close it, or is delaying unreasonably in closing the affairs, . . .". This is in accord with the text in High on Receivers (3d ed.), page 523, section 532, where the author says: "And in case of the death of one member of a firm, . . . if the survivor refuses to proceed within a reasonable time to close up the firm business, and continues to manage it in his own name, and for his own benefit, equity will grant an injunction against its continuance and will appoint a receiver, upon a bill filed by the administrator of the deceased partner."

In *Whitley* v. *Bradley,* 13 Cal.App. 720 [110 P. 596], an order appointing a receiver of a partnership business was affirmed, the court saying that such action was one of sound judicial discretion, and would not be disturbed in the absence of a showing of clear abuse. To the same effect see *Fox* v. *Flood,* 44 Cal.App. 786, 788 [187 P. 68]; *Brush* v. *Apartment & Hotel F. Corp.,* 82 Cal.App. 723, 727 [256 P. 285]; *Sunset Farms, Inc.* v. *Superior Court,* 9 Cal.App.2d 389, 405 [50 P.2d 106]; *Breedlove* v. *Breedlove Excavating Co.,* 56 Cal.App.2d 141, 143 [132 P.2d 239]; *Armbrust* v. *Armbrust,* 75 Cal.App.2d 272, 276 [171 P.2d 75]; *Weissman* v. *Henken,* 154 Pa.Super.Ct. 12 [34 A.2d 907].

We cannot say that in the case before us there was an abuse of discretion by the trial court. It is said in *Jacobson* v. *Wikholm,* 29 Cal.2d 24, 29 [172 P.2d 878], that the relationship of a surviving partner to the administrator of his deceased partner is fiduciary and as such trustee he must exercise his talents and industry honestly and in the highest good faith. From the testimony of defendant and his attitude toward the administrator of the estate of his father, the manner in which he testified and in which he has conducted the affairs of the partnership, the trial court was justified in questioning the good faith of defendant, and in concluding that the appointment of a receiver was necessary. The record shows that while defendant was claiming that the partnership business had a value of from $7,000 to $11,000 at the time of his father's death, he admitted that he had had an offer of $20,000 for what would have been the equivalent of a two-thirds interest; and that in 1942, he would have been happy to buy an undivided half interest for $22,500, and

take over the accounts and assume all the indebtedness. Also a witness produced by plaintiff testified that at the time of the death of defendant's father the equipment alone could not be replaced for $30,000. Yet we find appellant contending that there was nothing due plaintiff, that he is not only entitled to keep all of the partnership property, but that the estate is indebted to him for some $2,089.75.

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 10, 1948.