[Civ. No. 39198. Second Dist., Div. Four. Aug. 14, 1972.]

Estate of WADE ELLIS PEEBLES, SR., Deceased.
BARBARA M. PEEBLES, as Administratrix With the Will Annexed, etc.,
Plaintiff and Appellant, v.
R. G. GARLAND CORP. et al., Defendants and Respondents.

## COUNSEL

William T. Brandlin for Plaintiff and Appellant.

Kenneth Scholtz and Hassenplug & Higuchi for Defendants and Respondents.

## OPINION

**DUNN, J.**—Plaintiff appeals from an order of dismissal (judgment, Code Civ. Proc., § 581d) entered following an order sustaining a general demurrer to plaintiff's complaint without leave to amend. The demurrer was

sustained on the sole ground that the action was barred by the statute of limitations.[1]

The complaint was filed February 27, 1970, and contained four causes of action. In the first, plaintiff alleged her appointment on or about September 17, 1965, as administratrix-with-the-will-annexed of the estate of Wade Peebles, deceased; prior to his death, Peebles and the defendants orally agreed to and did become partners "in the businesses of purchasing, selling, subdividing, developing and managing properties"; in April and May 1964 deceased contributed $33,500 as his share of the partnership capital and was to receive 50 percent of the profits; "in and after June 1966, said defendants completed their buying, selling, subdividing, developing and managing said properties"; in June 1966 defendants paid $3,000 to plaintiff as administratrix, "in partial payment of their obligation"; before that date, plaintiff had demanded an accounting of defendants but they refused and still refuse to account. The second cause of action was a common count and alleged that "within four years last past" defendants became indebted to plaintiff on an open book account for $30,500 lent to them by deceased. The third cause of action also alleged a common count, namely, an account stated, and sought $30,500. The fourth cause of action purported to set forth a right to declaratory relief, alleging $33,500 was contributed by deceased to the partnership, with a right to receive 50 percent of the profits, and that defendants acknowledged receiving the money but denied any partnership existed or that they had any obligation to repay any part of the $33,500, except the sum of $3,000 already paid.

In the lower court, defendants/respondents argued and the trial court agreed that all causes of action were barred by Code of Civil Procedure section 343 which provides a four-year period of limitation.[2] In her briefs, plaintiff/appellant voices no claimed distinctions between the various causes of action as pleaded, and properly so. (*Hays* v. *Temple* (1937) 23 Cal.App.2d 690, 695 [73 P.2d 1248].) Appellant contends that no statute of limitations whatsoever applies and, if one does, that the time period so provided had not started to run as no cause of action had accrued.

---

[1]Under rule 12(a), California Rules of Court, we have sent for and reviewed the superior court file which contains the court's minute order dated April 14, 1970, reading in part: "Defendants' demurrer is sustained without leave to amend on the grounds of the Statute of limitations as per Section 15043 of the Corporations Code and Section 343 CCP."

[2]Code of Civil Procedure section 343 states: "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued."

It seems clear that an action seeking an accounting is an action in equity. (*Bates* v. *McTammany* (1938) 10 Cal.2d 697, 700 [76 P.2d 513]; *Taylor* v. *Sanford* (1962) 203 Cal.App.2d 330, 347 [21 Cal.Rptr. 697].) In an action for an accounting the applicable statute of limitations may be the four-year period provided in Code of Civil Procedure section 343. (*Austin* v. *Harry E. Jones, Inc.* (1939) 30 Cal.App.2d 362, 368 [86 P.2d 379]; *People* v. *Taliaferro* (1957) 149 Cal.App.2d 822, 825 [309 P.2d 48].)[3] On the other hand, if it be considered that the primary purpose of the action here was to recover money under an oral contract, then the two-year provision of Code of Civil Procedure section 339, subdivision 1, may be applicable since "the nature of the right sued upon, not the form of action or the relief demanded, determines the applicability of the statute of limitations." (*Jefferson* v. *J. E. French Co.* (1960) 54 Cal.2d 717, 718 [7 Cal.Rptr. 899, 355 P.2d 643], and see: *St. James Church* v. *Superior Court* (1955) 135 Cal.App.2d 352, 359 [287 P.2d 387].)

■ But whether the action is in equity or in law a statute of limitations is applicable; the equitable doctrine of laches becomes pertinent only to shorten such time period, not to extend it. (*Meigs* v. *Pinkham* (1910) 159 Cal. 104, 111 [112 P. 883]; *Rottman* v. *Rottman* (1921) 55 Cal.App. 624, 631-632 [204 P. 46]; 18 Cal.Jur.2d, Rev., Equity, § 47, pp. 188-189.)

■ The true question arising is: when did the cause of action accrue? No decision in this state directly in point is found. In other states, disagreement and some confusion apparently exist as to when a cause of action for an accounting accrues between a surviving partner and the estate of a deceased partner such that the period of limitations will begin to run against the estate. (157 A.L.R. 1114; 96 A.L.R. 441.)

Corporations Code section 15043 states: "The right to an account of his interest shall accrue to any partner, or his legal representative, as against . . . the surviving partners . . . at the date of dissolution, in the absence of any agreement to the contrary." The causes of dissolution of a partnership are specified in Corporations Code section 15031 reading in part: "Dissolution is caused: . . . (4) By the death of any partner unless otherwise provided in an agreement in writing signed by all the partners before such death." From these sections it is clear enough that the Legislature intended that the right to an accounting accrues on the death of a partner.

Appellant argues however that, although death dissolves a partnership, this only means that the survivors may not incur any partnership obliga-

---

[3]Both cases disapproved on other grounds in *Jefferson* v. *J. E. French Co.* (1960) 54 Cal.2d 717, 719-720 [7 Cal.Rptr. 899, 355 P.2d 643].

tions thereafter, but "[a]s to past transactions the partnership continues until it shall have satisfied all of its preexisting obligations." (*Yahr-Donen Corp.* v. *Crocker* (1947) 80 Cal.App.2d 675, 678 [182 P.2d 209]. And see: *Jacobson* v. *Wikholm* (1946) 29 Cal.2d 24, 29 [172 P.2d 878]; *Cotten* v. *Perishable Air Conditioners* (1941) 18 Cal.2d 575, 577 [116 P.2d 603, 136 A.L.R. 1068].) Because the obligations of a partnership to third parties continue after the death of a partner, it is argued that the cause of action for an accounting after a partner's death accrues only whenever performance of past partnership obligations is completed; before that time an accounting could not be made.

Corporations Code section 15033 recognizes the authority of surviving partners to wind up partnership business as does Probate Code section 571.[4] The latter code section gives a surviving partner the right to possess the partnership and to settle its business, but he must do so expeditiously. (*Jay* v. *Clark* (1948) 85 Cal.App.2d 88 [192 P.2d 462]; *Kimball* v. *Baxter* (1924) 67 Cal.App. 635, 638 [228 P. 381].) A surviving partner must account to an executor or administrator of a deceased partner and pay over such balances as may be payable to him and the court may order an accounting and enforce its order by appointing a receiver (Code Civ. Proc., § 564) on application of the executor or administrator. (*Jay* v. *Clark, supra,* 85 Cal.App.2d 88.) This rule applies not only to partnerships but also to joint ventures. (*Price* v. *Slawter* (1960) 184 Cal.App.2d 715, 720 [7 Cal.Rptr. 830]; *Davis* v. *California Motors* (1946) 73 Cal.App.2d 241, 246 [166 P.2d 52].)

In our view, appellant overlooks the distinction between dissolution of a partnership and its winding up. (Corp. Code, § § 15031, 15037.) This distinction is recognized in *Harvey* v. *Harvey* (1949) 90 Cal.App.2d 549 [203 P.2d 112] wherein the court states (pp. 554-555): "Appellant's objection to this finding is also well taken. In affect it authorizes the indefinite continuation of the partnership after the death of a partner, a procedure not in accordance with section 571 of the Probate Code. Re-

---

[4]Corporations Code section 15033, reads in part: "Except so far as may be necessary to wind up partnership affairs or to complete transactions begun but not then finished, dissolution terminates all authority of any partner to act for the partnership . . . ."

Probate Code section 571, states in part: ". . . when, at the time of his death, a partnership existed between the decedent and any other person, the surviving partner has the right to continue in possession of the partnership, and to settle its business, but the interest of the decedent in the partnership shall be included in the inventory, and be appraised as other property. The surviving partner shall settle the affairs of the partnership without delay, and account to the executor or administrator, and pay over such balances as may from time to time be payable to him, in right of the decedent."

spondents counter with the argument that the business is such that it cannot be wound up profitably, and the estate given its share. But this argument overlooks the distinction between winding up a business and winding up the partnership interest in that business. The business as such may be continued even though the partnership is terminated. In fact this is the usual procedure, because a partnership is automatically dissolved by the death of one of the partners even though the business continues to function as usual." Appellant's view here, if adopted, would authorize the indefinite continuation of the original partnership after the death of a partner, if the partnership's obligations were continuing in character. We reject appellant's contention.

Alternately, appellant would require a court to determine a date within which surviving partners "reasonably" could or should complete existing projects, contending that only after such date would the statute of limitations begin to run. As to this latter contention, appellant's view finds seeming support in dicta appearing in *Wrightson* v. *Dougherty* (1936) 5 Cal.2d 257, 261 [54 P.2d 13] and *Freeman* v. *Donohoe* (1923) 65 Cal. App. 65 [223 P. 431].[5] In the latter case it is said (p. 85): "'The statute of limitations does not run between partners until the accounts are settled and the balance agreed on.'" In that action, a real estate partnership had been formed in 1907 and dissolved by mutual consent on June 1, 1910. The suit for an accounting was filed May 26, 1914. Defendant filed an amended answer in which, for the first time, he set forth as affirmative defenses his reliance upon the two- and three-year limitation periods of Code of Civil Procedure section 339, subdivision 1, and section 338, subdivision 4. Plaintiff made a motion to strike the amended answer and the court granted the motion on the ground that the amendment was filed without prior leave of court (Code Civ. Proc., §§ 464, 473). Accordingly, there was no issue before the appellate court involving the statute of limitations. However, in pure dictum, the court stated that Code of Civil Procedure section 343 was the only statute applicable and added the comment earlier quoted herein. It is evident the action was filed a few days before the four-year period had run, for which reason it was filed in time. The case thus does not support appellant's position here.

The dictum in *Wrightson, supra,* 5 Cal.2d at p. 261 reads: "The principal contention of the appellant is that . . . the statute of limitations does not run against a partnership relation until the business of the copartnership is substantially closed. While this principle of law is properly applied to an action between partners, and in actions against a surviving

---

[5]See footnote 3, as to *Freeman.*

or liquidating partner, we are not convinced that it has any application in an action by a surviving partner against one withholding from him the possession of partnership property, even though such person be the personal representative of the deceased partner." The action was, indeed, one brought by a surviving partner against an estate.

*McArthur* v. *Blaisdell* (1911) 159 Cal. 604, 608 [115 P. 52],[6] *Shearer* v. *Davis* (1945) 67 Cal.App.2d 878, 881 [155 P.2d 708] and *Glassell* v. *Prentiss* (1959) 175 Cal.App.2d 599, 606 [346 P.2d 895] contain statements contrary to those appearing in *Wrightson* and *Freeman* but those cases, too, are factually distinguishable from our own.

We conclude that Corporations Code section 15043 means what it says and that a cause of action for an accounting accrues at the death of a partner, giving the estate representative a maximum of four years, or two years if Code of Civil Procedure section 339 applies, within which to seek an accounting. The right to maintain an action arises immediately, although the amount of the deceased partner's interest may not then be ascertainable. Thus, the right to maintain the action is to be distinguished from the ascertainment of the sum recoverable, if any.

The judgment is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

---

[6]See footnote 3.