[Civ. No. 16674. Second Dist., Div. Two. Mar. 11, 1949.]

ALICE B. HARVEY, Individually and as Administratrix With the Will Annexed, etc., Appellant, v. JESSE E. HARVEY, SR., et al., Respondents.

Herbert Gall and Thomas F. McGrath for Appellant.

John H. Miller and Walter H. Miller for Respondents.

MOORE, P. J.—Individually and as administratrix of her deceased husband's estate plaintiff sued (1) for an injunction against the officers and directors of a corporation in which decedent was a shareholder to prohibit them from transferring corporate funds to themselves and to a partnership of which decedent was a member; also, (2) for funds theretofore transferred. From the judgment entered she appeals.

In 1908, Frank Harvey entered into a partnership with his brothers, Jesse and James, to engage in the business of supplying rock, gravel and concrete mix to contractors. In 1919, Frank married appellant. In 1926, the three brothers incorporated, *organized* and transferred to Harvey Brothers, Incorporated, all their tangible assets except the good will of the partnership, and in return received and divided equally among themselves its 10,000 shares of capital stock. The brothers continued to operate the partnership using the corporation's equipment and property until the death of Frank on December 22, 1946. Upon her appointment as administratrix with will annexed, appellant became the authorized custodian of the estate of her decedent which included 3,333⅓ capital shares in Harvey Brothers, Incorporated. Her complaint in equity alleges that (1) the surviving brothers as officers had received all funds accruing for the benefit of the corporation, (2) they had transferred such funds to the partnership and to themselves as individuals, and (3) unless restrained and held to an accounting the brothers will continue to dissipate the corporate funds and that the stock she holds as administratrix will become worthless. The trial court made numerous findings and conclusions of law and entered judgment that plaintiff take nothing by her action. This appeal is based solely upon the grounds that the evidence adduced at the trial does not support the findings and judgment, and that the findings are inconsistent.

■■■ A review of all the evidence taken at the trial readily demonstrates that it relates exclusively to the question of what payments, if any, were made by the corporation to the partnership or to the individual defendants, or by the partnership to the corporation. By its second finding the court expressly refrained from determining the question whether "plaintiff is the heir of one third of the shares of stock of Harvey Brothers, Inc. . . . and also on the question of how said stock is disposed of by the will of said Frank A. Harvey . . ." Despite this reservation the court next found (finding

III) that the stock owned by decedent at his death was his separate property. Not only is such a finding unsupported by the evidence, but it is entirely irrelevant to the issues before the court and unnecessary to a determination thereof. It is also contrary to the presumption of section 164 of the Civil Code that all property acquired after marriage is community property. Since the stock was admittedly a part of the estate and properly within the custody of appellant as administratrix, no question of the status of the stock whether community or separate was properly before the court. Her right, if any, to maintain her action did not depend upon the character of the property she held, but upon her position and responsibilities as an administratrix. Regardless of the ultimate disposition of the property the administratrix, as such, was liable for its preservation during the period of her administration. Her action, instituted in the best interests of the estate, was predicated not upon her rights as an heir of her husband but upon her duties as conservator of his estate pending disposition thereof. It follows, therefore, that since the character of ownership was not a proper issue and since it was not necessary to a proper determination of the case to ascertain whether the stock was community or separate, and since there is no evidence in the record to support a finding that it was separate, such a finding was not only without evidential support but was irrelevant and should be disregarded and stricken from the record.

Appellants next object to the finding (V) "That prior to the death of Frank A. Harvey, said Frank A. Harvey, Jesse E. Harvey and James E. Harvey were members of a partnership known as Harvey Brothers; that since the death of Frank A. Harvey, said Jesse E. Harvey and James E. Harvey have continued said partnership and have continued to do business as Harvey Brothers, a partnership, as surviving partners and trustees of said partnership, [and propose to so continue said business until the distribution of the estate of said Frank A. Harvey, at which time they anticipate distribution of the interest of the estate of Frank A. Harvey in said business to them as testamentary trustees, and if they so receive distribution they will continue to operate said business for themselves and as trustees under the will of said Frank A. Harvey, deceased, and as directed in said will."] (Brackets inserted.) It is apparent from an inspection of the above finding that the bracketed words are entirely conjecture and

in no way constitute a finding of fact. But it is not apparent that such a conjecture as to the ultimate disposition of the estate has any bearing upon the question whether corporate funds were improperly paid to the partnership. If the funds were improperly disbursed appellant's position both as administratrix and as shareholder was prejudiced thereby; if the funds were properly paid over to the partnership, no finding was necessary as to what use was or would be made of them. The fact that respondents asserted that they would continue to operate said business for themselves and as trustees under the will did not justify continued payments of money to the partnership if it was not entitled thereto.

█ Respondents contend that since one-third of the assets of the partnership and one-third of the stock of the corporation belong to the estate it does not matter whether the corporation pays money to the partnership or vice versa. While such payments may have been the custom in decedent's lifetime, it by no means follows that it is proper to continue them after the dissolution of the partnership by his death. (Civ. Code, § 2425.) █ The detriment that might befall a shareholder in the corporation is illustrated by the experience of the partnership in the year following the death of decedent, during which the partnership sustained a substantial loss. No portion of such losses is chargeable to the estate, because the estate is a thing apart from the partnership. The estate's interest is fixed as of the date of decedent's death and debts thereafter incurred by the partnership are its own obligations without right of contribution from the estate.

█ By finding VI it was determined that the business and assets of the partnership are of such character as to render its liquidation impracticable and inadvisable until a purchaser therefor can be found. Appellant's objection to this finding is also well taken. In effect it authorizes the indefinite continuation of the partnership after the death of a partner, a procedure not in accordance with section 571 of the Probate Code. Respondents counter with the argument that the business is such that it cannot be wound up profitably, and the estate given its share. But this argument overlooks the distinction between winding up a business and winding up the partnership interest in that business. The business as such may be continued even though the partnership is terminated. In fact this is the usual procedure, because a partnership is automatically dissolved by the death of one

of the partners even though the business continues to function as usual. (Civ. Code, §§ 2425, 2436.)

▋ Appellant's contention that the evidence does not support the findings is directed chiefly against finding IX*. In the copy on the margin hereof numbers are inserted for reference herein. The first four clauses thereof were alleged by appellant in her complaint and admitted by respondents. As to them there can be no dispute. As to clauses five and six appellant alleged the transfers of funds to have been made without authority. Respondents' denial thereof raised an issue for settlement by the trier of fact. A review of all the evidence taken fails to disclose provisions of the bylaws or charter in accordance with which the payments were made. The testimony of Jesse, president of the corporation, was that the board of directors had never met to make any authoriza-

---

*FINDING IX.

[1] That since the death of Frank A. Harvey the said Jesse E. Harvey, James E. Harvey, and Jesse E. Harvey, Jr., also known as Jesse M. Harvey, have received all funds accumulating from the profit of Harvey Brothers, Inc., a corporation; [2] that said funds have been paid into their hands by reason of the rental of property owned by Harvey Brothers, Inc., a corporation; [3] that the exact amount of funds received by defendants is well known to defendants and each of them; [4] that since the death of Frank A. Harvey defendants have transferred and continue to transfer funds coming into their hands as officers and directors of Harvey Brothers, Inc., a corporation, to Harvey Brothers, a partnership, and to themselves as individuals; [5] that said transfers have been made under the authority of the charter and by-laws of Harvey Brothers, Inc., a corporation, [6] and that said transfers and all of them have been authorized by the Board of Directors of Harvey Brothers, Inc., a corporation, formally or informally, [7] but in all instances by common consent and in conformity to the method of doing business followed by said corporation for twenty years last past; [8] that none of said transfers have been or will be made for the benefit of Jesse E. Harvey, James E. Harvey, or Jesse E. Harvey, Jr., also known as Jesse M. Harvey, as individuals, or as partners or employees of Harvey Brothers, a partnership; [9] that none of said transfers of funds were made to said partners or to said defendants as individuals other than as a transfer of funds to said partnership to enable it to meet its payroll and general expenses, or to defendants individually to enable them to meet their expenses, [10] and that all said transfers were made by said corporation for full and adequate consideration consisting of entries in an open account on the books of said corporation fully reflecting the correct charges against said partnership, and by entries in the books of said partnership fully reflecting proper credits in favor of said corporation, and that thereafter in cases of advances to defendants individually, by credits on the books of the partnership and charges against the partners' personal capital account; [11] that all of said transfers were made under the authority of the President and the Secretary-Treasurer of said corporation delegated to them by the Articles of Incorporation and the by-laws, and in conformity with the practice of said corporation for twenty years last past.

tion of the disbursements, although two board meetings were held in 1947 for other purposes. In their brief respondents assert that the officers of the corporation "were simply following practices that had been engaged in for years," apparently relying upon clause seven of finding IX. Assuming that previous transfers were in derogation of the rights of the corporation, such practices would not be sanctified by mere repetition or lapse of time. The practice of making such transfers prior to the death of Frank Harvey does not determine their correctness now. Upon his passing, one-third of the corporate stock passed to new ownership, to wit, the devisees of deceased subject to administration. The rights of the new shareholder cannot be prejudiced by a careless custom indulged in by his deceased predecessor. The estate is a new minority shareholder and the administratrix has not only the same right as any other shareholder to protect the corporate assets from dissipation but it is her duty to do so. It follows therefore that the unlawful practice by the brothers in Frank's lifetime has no bearing upon the question of the legality or illegality of the practice after the death of Frank Harvey. ■ Clause eight of finding IX is contradictory of itself. If the admitted transfers were not made for the benefit of the surviving partners or the partnership, for whose benefit were they made? Such a purported finding is an absurdity. ■ Clause nine may be taken as true upon its face for it was admitted in respondent's answer. But this is the very reason why appellant brought her action. The use of the funds to pay the obligations of the individual partners and the partnership in no way justifies the disbursements by the corporation if such disbursements were unlawful in the first instance. Such a finding leaves unsettled the question: were the payments to the partnership unlawful? ■ Clause 10 of finding IX is perhaps the closest approach to an answer to this question found in the entire transcript. But even admitting that the books of both the partnership and the corporation properly reflected all transactions between the two entities, such book entries would not of themselves justify illegal payments of corporate funds. In reliance upon this finding respondents assert that the corporation became indebted to the partnership in 1931 in a large amount and that any payments by the former to the latter were credited against this debt. But the record discloses that the partnership used the equipment and assets of the corporation and, until 1931, paid to the corporation $10,000 yearly rental therefor. There-

after, to and including 1947, no rental payments were made by the partnership to the corporation although the partnership continued to use all the assets and equipment owned by the corporation. Thus, equipment valued in excess of $46,000 was used, rent free, by the partnership during the year appellant was administratrix. Jesse testified that during 1947 no portion of this debt was liquidated by charging the partnership for the use of corporate assets and rolling stock. Such testimony completely refutes the finding that the transfers were made for full consideration consisting of book entries "fully reflecting the correct charges against said partnership . . ." The criticisms above in reference to clauses five, six and seven apply with equal force to 11.

Thus it is evident that except clauses one, two, three and four, all of finding IX is either self-contradictory, unsupported by evidence, or contrary to the evidence. It should therefore be stricken from the record.

 Appellant also contends that the finding (X) that she will not be damaged by continued payments by the corporation to the partnership and to the surviving partners and that such payments will cause herself and the corporation no injury is not supported by the evidence. It is readily apparent that the estate, as a minority shareholder, will not be prejudiced by the corporation's paying its just debts whether those debts were contracted before the death of Frank Harvey or during the period of appellant's administration. But it is just as apparent that the estate, as a minority shareholder, will be prejudiced by payments which the corporation is not obligated to make. From the confused state of the record it is impossible to ascertain what, if anything, is due from the corporation to the partnership or from the partnership to the corporation.

Appellant's final objection is to finding XI. The material parts thereof to which appellant objects are repetitious of previous findings as to how respondents have heretofore conducted the business and how they anticipate conducting it in the future. Therefore, the demonstrated fallacies of the previous findings are also applicable to finding XI. Since the other facts determined by such finding are immaterial to the issues before the court, they may be disregarded.

In view of the conclusions above announced with reference to findings III, V, VI, IX, X and XI and since the remainder of the findings are insufficient to support the judgment, it is

ordered that the judgment be reversed with instructions (1) to determine whether any disbursements of corporate funds have been made to the defendants without consideration; (2) to enjoin the defendants from making such payments; (3) to adjudge that the corporation be reimbursed for such payments, if any.

McComb, J., and Wilson, J., concurred.