[Civ. No. 5248. Fourth Dist. Jan. 25, 1956.]

Estate of DELLA WAGNER HALSELL, Deceased. CLARA WAGNER WILSON et al., Appellants, v. O. L. HALSELL, as Administrator, Respondent.

Blodget, Gilbert & Cochran for Appellants.

Forgy, Reinhaus, Miller & Kogler for Respondent.

BARNARD, P. J.—This is an appeal from an order allowing attorneys' fees for extraordinary services.

Mrs. Halsell died leaving a will naming her sister as sole devisee, with a nephew as contingent beneficiary. The will appointed the nephew as executor or, if he was unwilling to act, appointed the sister as executor. Both declined to act and O. L. Halsell, husband of the deceased, was appointed administrator with the will annexed. After an inventory was filed, the sister filed a petition alleging that it failed to disclose all of the property of the estate in that it did not include certain interests in community property owned by the deceased, and praying that the administrator be required to include such community property in the inventory. In a pretrial order the court ordered a trial first on the issue as to whether or not the decedent had, by the terms of the will, disposed of any community property interest. Trial was had on this issue, resulting in findings and judgment to the effect that the will disposed of the separate property of the decedent only and did not dispose of any community property. On appeal, that judgment was affirmed. (*Estate of Halsell*, 133 Cal.App.2d 665 [284 P.2d 821].) In that proceeding, and on that appeal O. L. Halsell was represented in his capacity as administrator by the regular attorneys

for the estate, and was also represented in his individual capacity by other attorneys.

The proceeding now before us involved an application for attorneys' fees for extraordinary services performed by the firm of attorneys who represented Halsell in his capacity as administrator. The petition alleged the performance of certain services in connection with settling a dispute with the sister as to the ownership of certain articles of household furniture, and the segregating of said articles after a settlement of this dispute. It also alleged, in considerable detail, the work done in connection with the litigation over the construction of the will. The sister and the nephew objected to the allowance of extra attorney fees for such services, on the grounds that the services in connection with the dispute over personal property were ordinary services; and that the services in connection with the litigation over the construction of the will were rendered for the benefit of the administrator personally and not for the benefit of the estate, and were rendered in an attempt to deprive the estate of part of its assets. The petition and the objection thereto were verified and the matter was submitted without further evidence being received. The court allowed $2,040 as attorney fees for extraordinary services performed by the attorneys for the administrator as such, and the sister and nephew have appealed from that order. No fees were asked for or allowed for the attorneys who represented the administrator personally.

The main question presented is as to whether the court was authorized to allow fees for extraordinary services in connection with the litigation as to the construction of the will, performed by the attorneys for Halsell as administrator. It is argued that the dispute as to the interpretation of the will was between the sister on the one hand and the husband of the decedent on the other; that the husband, as administrator, was not interested in the outcome of this dispute; that his sole interest was, as the husband of the decedent, to keep the community property for himself; that the contest became one between heirs, the surviving husband and the sister, for the property of the decedent; and that the work in question was performed solely for the benefit of the husband. The appellants rely on *Estate of Pryor,* 51 Cal.App.2d 735 [125 P.2d 511]; and on *Estate of Hite,* 155 Cal. 448 [101 P. 448], and *Estate of Higgins,* 158 Cal. 355 [111 P. 8], cited therein.

Those cases were distinguished in *Estate of Corotto*, 125 Cal.App.2d 314 [270 P.2d 498], on the ground they involved contests before probate. It was there pointed out that after probate it is the duty of the executor to defend the corpus of the estate for the benefit of all the heirs, to defend and uphold the will against subsequent attack, and that this duty rests primarily upon the executor and not upon the legatees and devisees. Section 902 of the Probate Code provides, in part, that allowances for extraordinary fees may be made for litigation in regard to the property of the estate, and for such other litigation as may be necessary for the executor or administrator to prosecute or defend. In *Estate of Murphy*, 145 Cal. 464 [78 P. 960], it was pointed out that while, in general, an administrator is not affected by orders in reference to the disposition of funds in his custody, this rule does not apply where an order or decree involves a construction as to the proper exercise of his duties by such an officer. ■ It would thus appear that whenever an order or decree necessarily involves a construction of a will, which in turn involves a determination as to what are the proper duties of the administrator, the expense of conducting the litigation or proceeding should be, and is, a proper charge against the estate. In such a case the personal interest of the administrator is not the only thing involved, and in his representative capacity he has a duty to the court as well as a right to have his duties fixed and defined in accordance with the true facts.

■ While O. L. Halsell in his individual capacity was personally interested in the outcome of this litigation, he also had a duty as administrator to represent the estate in this matter, and to assist the court in having the will interpreted to the end that he could fully and lawfully perform his duties as such administrator. The conducting of litigation in connection with the construction of a will, in such a case as this, is an element in determining what property should or should not be handled by the estate, a decision therein is a matter of benefit to the estate regardless of the outcome, and this is an extraordinary service within the meaning of the statute. (*Estate of Harvey*, 103 Cal.App.2d 192 [229 P.2d 68].) It was the duty of Halsell, as administrator, to take charge of the property of the estate and it was necessary for the performance of that duty that it be determined what property he should take into his possession and what property he was chargeable with. While

he also had a personal interest in this matter he was represented as an individual by other attorneys, and no claim was here made that such attorneys should be compensated out of estate funds. The services here in question were extraordinary services for which the court was authorized to allow payment.

The appellants further contend that the services with respect to the delivery of certain personal property to the sister were services which the administrator should have performed himself, and that he had no right to delegate these duties to his attorneys and charge the estate for fees in that connection; and also that there was no evidence to sustain. the amount of the extraordinary fees allowed by the court. The first of these matters included questions as to the title to this personal property, and the settlement of those questions, which may or may not have required extra legal services. The court did not allow the full amount asked for, and it cannot be told from the record whether or not the court allowed anything for this part of the work. As to the value of the services the verified petition alleged that the services were of the reasonable value of $2,700 and set forth in some detail the extent and nature of such services, including the number of hours spent in doing the work. The objections filed by the appellants alleged that the services in question were not properly chargeable as extraordinary services, but contained no allegation as to their extent or value and made no attack upon those matters. ■ The extent and nature of the services being alleged and not denied, the court's own experience furnished it with any other element of proof which would otherwise be necessary. (*Bacon* v. *Bacon*, 32 Cal.2d 131 [194 P.2d 697].) On the record before us, the court's action may not be disturbed.

The order is affirmed.

Griffin, J., and Mussell, J., concurred.